The opinion of the court was delivered by
Watkins, J.
The defendant, Thomas Henry, was found guilty of the crime of robbery, and from a sentence of three years at hard labor in the State penitentiary has appealed, relying upon a single bill of exception reserved to the ruling of the court overruling his motion in arrest of judgment.
His contention is, that robbery is not a crime which is defined in the criminal statutes of the State; and that, being a common law crime, the English common law must be resorted to for a definition of it. And that it is elementary that indictments for robbery must set out specifically all the essential elements of the crime of robbery at common law; and that the indictment against the accused is wholly inadequate and insufficient for that purpose. That to merely charge that the defendant has committed a robbery is not adequate or sufficient in law.
The grounds of defendant’s motion are as follows, viz.:
“Now, under the common law, seven distinct ingredients are necessary and essential to constitute the crime of robbery, viz.:
“1. Ownership, or right of possession, of the property in the person alleged to have been robbed.
“2. That the property alleged to have been carried away must be personal property.
“ 3. That the property carried away must be certain.
“4. Force or fear must be used in taking away the property.
“5. The taking away must be against the will and without the consent of the possessor.
“6. That the thing stolen must be on the person or in the immediate presence of the possessor.
“ 7. that the taking away must be with an intent to steal.” (Brief p. 2.)
Counsel's statement predicated upon these propositions is as follows, viz.:
*1589 “It is hardly necessary to argue in support of this position. It is apparent that the ownership or right of possession must be in the party robbed, otherwise a person might be convicted of robbery if he took stolen property from a robber. It is also apparent that a person claiming property as his, and taking it from another, might be guilty of assault and battery but not of robbery.
“ It must be personal property, because no one can steal a tract of land or a house. It must be described with certainty, because the accused is entitled to know this in order to make a defence. Force or fear is one of the most important and absolute essential ingredients of robbery, because it forms the distinction between this crime and larceny. The taking away must naturally be against the will of the owner. The thing stolen must be on the person or in the presence of the owner; this forms another important distinction between the crime of robbery and larceny. And, lastly, the taking away must be with the intent to steal, for it is plain that it is possible for a person to forcibly and against the will take something without any intent to steal. Thus a man in a quarrel might take a pistol or other weapon from his assailant, or seeing another about to destroy goods belonging to him, might interfere and take away the goods.”
But we must look into the information and see what its averments are and whether they are amenable to the charges preferred against it.
They are as follows, viz.:
“ That one Thomas Henry, and one George Oorbes, * * * on or about the 13th day of July, 1895, with force and arms, in the parish afoaesaid, then and there b ing, did unlawfully, wilfully, feloniously and v olently seize, rob, take and carry away from the person of Allen McCoy, the sum of eight dollars and ninety cents, in money of the legal currency of the United States, contrary to the form of the statute of the State of Louisiana in such case made and provi ed,” etc.
Our statute says:
“Whoever shall commit the crime of robbery, shall, on conviction,” etc. Rev. Stat., Sec. 809.
But the next succeeding section is more comprehensive, for it says:
“The robbery or larceny of bank notes, obligations, or bills obligatory, or bills of exchange, promissory notes for the payment of *1590 any specific property, paper bills of credit, certificates granted by or under the authority of this State, or of the United States, or any of them, shall be punished in the same manner as the robbery of goods and chattels.” Rev. Stat., See. 810.
The information charging defendant with the robbery of money, legal currency of the United States, the crime must be interpreted in the light of the latter section, the former having more direct applicability to “ the robbery of goods and chattels.”
Taken in this light, the crime charged must be considered rather as a statutory than a common law crime; and, the information tested, and its validity determined by the rules of construction applicable thereto, seems to be legal and sufficient,
This court has frequently held that indictments for offences created by statute should be charged in the words of the statute, or in words conveying the same meaning, and sufficiently definite as to bring the accused within its operation, so that he can not be misled as to the charge he is to answer. State vs. Stiles, 5 An. 324; State vs. Benjamin, 7 An. 47; State vs. Murphy, 43 Ark. 178.
In State vs. Cason, 20 An. 48, the defendant was charged with having stolen “ lawful money of the United States” under Revised Statutes, Sec. 810, above quoted, and the court said:
“ The defendant is accused of a statutory offence; in such case the indictment should describe the crime in the words of the statute, or in words certain and equivalent, going to show that the offence has been committed, and is punishable under the law.”
The court then added:
“No such effects or notes as ‘ greenbacks ’ are known in law; but treasury notes of the United States are recognized by the laws of Congress. ’ ’
The information brings the crime of robbery that it charges against the defendant, Henry, strictly within the statute and that decision.
In State vs. Carro, 26 An. 377, the court held to be sufficient, an indictment which charged that defendant “ did feloniously and violently seize, take and carry away the sum of one hundred dollars in paper currency of the United States of America.”
The court said that it was “a substantial compliance with the statute.” Rev. Stat., Sec. 1061.
And that statute declares that “in every indictment in which it *1591 shall be necessary to make an averment as to any money or any bank note, it shall be sufficient to describe such money or bank note as money without specifying any particular coin or bank note,” etc. Rev. Stat., Sec. 1061.
In State vs. Schonhausen, 26 An. 421, the court said:
“The charge of the indictment is the felonious and violent taking -of the sum of seventeen hundred and forty-four dollars in paper money of the United States of America. This comes within the law. Rev. Stat., See. 810.” State vs. Robinson, 29 An. 364.
The information affirms that the defendant, Henry, did take and carry away from the person of Allen McCoy the sum of eight dollars and ninety cents;” that certainly charges McCoy’s rightful possession of the money and answers defendant’s first objection as to possession.
It also answers his second objection with regard to the property having been personal. It also answers the third objection as to the property carried away being certain.
The information affirms that the defendant “did unlawfully, wilfully, feloniously and violently seize, rob, take and carry away from the person of Allen McCoy,” etc., and Wharton says that “while there must be a felonious taking of property from the presence of another, either by actual or by constructive force * * * yet, if
force be used, fear is not an essential ingredient.” Whar. Crim. Law, Sec. 850.
This is a complete answer to defendant’s fourth objection.
That author further says:
“ As a rule, robbery must be against the will; at the same time, ns in the parallel case of rape, against the will, if there be force, is to be treated as convertible with ‘ without consent,’ ” etc. Ibid., Sec. 855.
That is an answer to defendant’s fifth objection.
The indictment charges that defendant “ did seize, rob, take and ■carry away from the person,” etc., and this answers defendant’s sixth objection.
With regard to the intent, the information charges that the defendant did “unlawfully, wilfully, feloniously and violently seize, rob, take and carry away,” etc.’; and Wharton says, that “the goods, also, must appear to have been taken animo furandi, as in eases of larceny, though this is to be judged of from circum.stances.” Ibid., Sec. 848.
*1592 This answers defendant’s seventh and last objection.
A careful scrutiny of the information and a comparison of it with the law has satisfied us that the defendant’s objections are not well fou ded.
Judgment affirmed.