[Crim. No. 512. Second Appellate District.—November 2, 1916.]

## THE PEOPLE, · Respondent, v. FRANK RENWICK, Appellant.

CRIMINAL LAW—ROBBERY—EVIDENCE—USE OF STOLEN AUTOMOBILE—PREJUDICIAL ERROR.—Where, in a prosecution for robbery, it is shown that the persons engaged in the commission of the crime drove to the scene thereof in a Ford automobile about 7 o'clock in the evening, and the evidence is barely, if at all, sufficient to justify the verdict that the defendant participated in the robbery, it is prejudicial error to permit the owner of a Ford automobile to testify, over objection made by the defendant, that he left his machine at a corner about 4 o'clock in the afternoon, that it was gone when he returned there to get it about 8 o'clock, and that he found it at another place some hours later, in the absence of evidence identifying such machine as the automobile used by the perpetrators of the crime, except that both were Ford machines and the isinglass was out of the back thereof.

ID.—ALIBI—EVIDENCE—MODIFICATION OF TESTIMONY—REFUSAL TO PERMIT—PREJUDICIAL ERROR.—In such a prosecution it is prejudicial error to refuse to permit the defendant to recall a witness for the prosecution in surrebuttal for the purpose of permitting the witness to modify her testimony as to the presence of the defendant at a certain place at the time of the commission of the alleged crime.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

Guy Eddie, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Defendant was convicted of the crime of robbery and now appeals from the judgment and from an order denying his motion for a new trial. The grounds of appeal are that the evidence was insufficient to justify the verdict, and that the court erred in some of its rulings upon objections to offered testimony.

At between 7 and half-past 7 o'clock on the evening of February 28, 1916, three masked men went into a butcher-shop on Stephenson Avenue, in the City of Los Angeles, no other persons being present at the time except the proprietor, Mrs. Rosenbusch. They locked Mrs. Rosenbusch into a refrigerator, took from the till the money (about five dollars) that was there, and speedily left the place. Mrs. Rosenbusch testified to these facts and gave some description of the young men, but the description was not sufficient to identify any of them. According to the testimony of a police officer named Raymond, who had been trailing and watching the defendant and certain other young men, one Burns came to the corner of Tenth and Los Angeles Streets at 6:35 P. M. in a Ford automobile. At that place four men, Bill Shank, Frank Shank, Fleming, and Renwick, got into the car with Burns, and they drove east on Tenth Street. According to the testimony of Earl Whitney, employed at a garage on Stephenson Avenue, about six hundred feet east from the Rosenbusch shop, a Ford automobile coming from the east stopped near the garage at between 7 and 7:15 P. M., where Renwick and Frank Shank got out of the machine and walked west toward the Rosenbusch shop, and Burns was driving the machine. As they walked along, Renwick signaled for the machine to follow and the machine passed along in the same direction. It is in evidence that that is a much frequented highway, and there is no evidence that these were the only persons who passed along the street at about the same time.

Over objections made by the defendant, one Gronsky was permitted to testify that he was the owner of a Ford machine which he left at the corner of Ninth and Spring Streets at 4 o'clock that afternoon; that the machine was gone when he returned there to get it at about 8 o'clock P. M., and that he found it at another place some hours later. There is no evidence identifying Gronsky's automobile with the one in which the defendant was seen by the other witnesses, except that all three of these witnesses describe a Ford machine which was not new, and each witness states that the isinglass was out of the back of the machine which he saw. One Frank Richards testified that at about a quarter after 7 he passed along Stephenson Avenue opposite the Rosenbusch shop and his attention was

attracted to two men standing alongside of a building opposite; that one of them pointed across the street toward the shop, where Mrs. Rosenbusch was in the act of rolling up a parcel for a customer. He testified that these men, whom he afterward saw at the police station, were Burns and Shank—not stating which one of the Shanks. Mrs. Rosenbusch stated that immediately before the robbery she had waited upon a customer, who had just gone out. Two of the men who robbed the butcher-shop had revolvers and threatened to shoot Mrs. Rosenbusch if she made resistance. It was proved by the testimony of police officers that between 8 and half-past 8 o'clock the defendant and the other men who had been in the automobile at Tenth and Los Angeles Streets, came in separate groups to the apartments at 1022 South Hill Street, where the defendant and his wife were living. These men were arrested separately when they came from the apartment house at separate times during the course of the evening. The officers found in the Renwick apartment two revolvers, three rifles, and two shotguns.

While the evidence is sufficient to establish the existence of suspicious circumstances concerning the defendant, it is barely, if at all, sufficient to justify the verdict that Renwick participated in the Rosenbusch robbery. Assuming it to be legally sufficient, the evidence of that fact is purely circumstantial, and leaves the case in that condition where errors in the admission or rejection of testimony would easily turn the scale and be seriously prejudicial to the defendant.

The testimony of Gronsky had no relation to the case, unless it was introduced for the purpose of showing that the defendant or some of his associates had stolen Gronsky's automobile and were using a stolen automobile at the time of the Rosenbusch robbery. The evidence was insufficient to establish that fact, and even if it had been sufficient therefor, the evidence was not admissible for that purpose in this action. It was not a case wherein the prosecution was entitled to aid its proof of the charge on which Renwick then was being tried by proving that he had previously committed some other crime. Nevertheless, this would very probably have the effect of creating prejudice against the defendant in the minds of the jurors, and

render it easier to obtain from them a verdict that the defendant was guilty of the robbery at the butcher-shop.

On behalf of the defendant, Edward Biehl and his wife, Frances Biehl, testified that Renwick and his wife, some months before the date of this robbery, had occupied rooms in their apartment house at the corner of Washington Street and Maple Avenue; that Renwick came to that apartment house at about a quarter before 7 o'clock on the evening of February 28th and made inquiry to find out whether they would again permit him to occupy an apartment in their house; that Renwick remained there with them until at least as late as half-past 7; that prior to the evening of February 28th Renwick had not been there since the latter part of January. In rebuttal of this testimony the prosecution introduced as a witness Mrs. Gertrude Gorham, who had occupied rooms in the apartment house of the Biehls on February 28th. She stated that she saw Renwick call at Mrs. Biehl's on the morning of February 28th. She also stated that she saw Mr. and Mrs. Biehl that evening at their supper between 6 and 7 o'clock, and that at that time Mrs. Biehl told her that Renwick had been back there to rent rooms. Mr. and Mrs. Biehl had testified that they did not have their dinner that evening until a quarter to 8.

Mrs. Gorham was the last witness at the trial, and her testimony seems to have been given at the close of the day, and the last thing occurring before adjourning was the district attorney's statement, "We rest." On the opening of court the next morning defendant's counsel requested that he be permitted to call back Mrs. Gorham in surrebuttal. The court responded: "I will not open the case for any more evidence." Defendant's attorney replied: "I did not close last night, your Honor; I didn't rest my case, and I have positive information that the jury ought to hear from this witness, Mrs. Gorham, that she does not know within a month's time of the 28th whether the defendant Renwick was at the house there, and she will so testify if I put her on the stand." The court again refused the request and no further evidence was introduced. It can easily be seen that if the testimony of the witnesses Biehl was true, the defendant could not be guilty in this case. The testimony of Mrs. Gorham furnished the only evidence directly con-

tradicting those two witnesses. It may have been the turning point in the case and may have been the controlling reason why the jury determined that the defendant's alibi was not proven. Since the request to call back Mrs. Gorham was denied, we must assume that if she had been permitted to testify further, she would have modified her former testimony by admitting that she did not know within a month's time of February 28th whether the defendant Renwick was at that house. If this were so, then the time to which Mrs. Gorham referred might have been on or about the 31st of January, which was the time when Mrs. Biehl testified that Renwick had been there before. We cannot avoid the conclusion that the defendant was entitled to that additional testimony of Mrs. Gorham, and that the refusal to admit it was so prejudicial that the error must be held to constitute a miscarriage of justice by denying the defendant an important and very substantial right in a matter vital to this defense.

The judgment and order are reversed.

James, J., and Shaw, J., concurred.