[Crim. No. 883.   Second Appellate District, Division One.—October 5, 1922.]

## THE PEOPLE, Respondent, v. JOSEPH PASSAFIUME, Appellant.

[1] CRIMINAL LAW — ASSAULT WITH DEADLY WEAPON — ALIBI — INSTRUCTION.—In a prosecution for assault with a deadly weapon, in which the defense is that of an alibi, it is not error to instruct the jury that, "While you are not to hesitate at giving this as a defense full weight—that conclusive effect to which, when established, it is justly entitled, either as entirely satisfying you of the innocence of the defendant or as creating the reasonable doubt which entitles the defendant to an acquittal—still, you are to scrutinize the testimony offered in the support of an alibi with care, that you may be satisfied that a fabricated defense is not being imposed upon you."

[2] ID.—WEIGHT OF TESTIMONY—ERRONEOUS INSTRUCTION.—While it is bad practice for a trial judge to single out the testimony of any witness, especially if the witness be the defendant, and instruct with reference to his testimony, the giving of an instruction in that form, which nevertheless correctly states the law, is not a ground for reversal of the judgment.

[3] ID. — UNWARRANTED INSTRUCTION — LACK OF PREJUDICE.—Where the record clearly and satisfactorily establishes the guilt of the defendant, the giving of instructions not applicable to any evidence in the case cannot be said to constitute prejudicial error.

---

1.  On the question of instruction as to defense of alibi, notes, 14 L. R. A. 539; 14 A. L. R. 1426.

2.  Right of the court to caution the jury as to believing testimony of accused in his own behalf, note, 19 L. R. A. (N. S.) 802.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Guy Eddie for Appellant.

U. S. Webb, Attorney-General and Erwin W. Widney, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Defendant was charged with the crime of assault with a deadly weapon with intent to commit murder. He was convicted of assault with a deadly weapon. He appeals from the judgment and from an order denying his motion for a new trial.

That the victim of the assault—a police officer named Delaney—was shot by some person at the time and place described in the evidence is a fact established beyond dispute. The defendant was positively identified by witnesses as the man who did the shooting. His defense was that of an alibi by introducing testimony tending to prove that he was at another place at the time of the assault, and therefore could not have been guilty of this crime.

It is conceded that the evidence is sufficient to sustain the verdict. [1] But it is contended that the defendant was seriously prejudiced by erroneous instructions of the court to the jury. In the questioned instruction concerning the defense of alibi, the court said: "While you are not to hesitate at giving this as a defense full weight—that conclusive effect to which, when established, it is justly entitled, either as entirely satisfying you of the innocence of the defendant or as creating the reasonable doubt which entitles the defendant to an acquittal—still, you are to scrutinize the testimony offered in the support of an alibi with care, that you may be satisfied that a fabricated defense is not being imposed upon you." It is claimed that this instruction is similar to that criticised by the supreme court in *People* v. *Levine,* 85 Cal. 39 [22 Pac. 969, 24 Pac. 631]. It differs substantially from the instruction considered in that case, and also from the instruction condemned by the supreme court in *People* v. *Smith,* 189 Cal. 31 [207 Pac. 518.] The instruction given in the present case does not contain

the language which was disapproved in those two decisions. It does not contain any statement expressing distrust of the defense in question, or any warning that it should not be fairly and properly considered by the jury, so far as justified by the evidence. The objection urged by appellant is without merit.

[2] The defendant testified as a witness in his own behalf. The court gave an instruction stating the manner in which the testimony of a defendant is to be weighed and measured, viz., according to the same standard as the testimony of any other witness. This instruction is almost precisely in the same words as that considered by the supreme court in *People* v. *Fritz,* 54 Cal. App. 137 [201 Pac. 348]. In that decision, and in others there cited, it was declared to be bad practice for a trial judge to single out the testimony of any witness, especially if the witness be the defendant, and instruct with particular reference to his testimony. But it was further pointed out that the giving of an instruction in that form which nevertheless correctly states the law is not a ground for reversal of the judgment. Appellant has not here contended that the instruction did not correctly state the law.

[3] The only other points made by appellant relate to two instructions which he claims should not have been given because there was no evidence sufficient to warrant the giving of such instructions. In view of the record, which clearly and satisfactorily establishes the guilt of the defendant, we think that the giving of these instructions, even if they were not applicable to any evidence in the case, cannot be said to constitute prejudicial error.

The judgment and order are affirmed.

Shaw, J., and James, J., concurred.