STATE, Respondent, v. THERON D. WHEELER, Appellant.

[238 Pac. 312.]

CRIMINAL LAW—TRIAL—RECEPTION OF EVIDENCE—OTHER OFFENSES—
ERROR—PREJUDICIAL EVIDENCE—REVERSIBLE ERROR.

1. In a prosecution for assault with intent to commit robbery, the admission of evidence of a witness that, two months before the alleged assault, the accused proposed to him that they commit an offense entirely disconnected with the present charge, the case not being one wherein the prosecution could aid its proof of the charge by proof of the commission of another offense, is error.

2. Evidence improperly admitted examined, and *held* to be harmful and prejudicial, and its admission reversible error.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Ralph W. Adair, Judge.

Appeal from judgment of conviction of assault with intent to commit robbery. *Reversed and remanded.*

A. S. Dickinson, for Appellant.

The evidence in this case is wholly insufficient to overcome the presumption of innocence. (*Walker v. State,* 50 Tex. Cr. 221, 366, 96 S. W. 35.)

The court committed error in disparaging the defendant's defense of alibi by instructing the jury as follows: "But it is your duty to examine such evidence carefully to determine its truth or falsity." This was clearly an intimation that the court doubted the truth of the defendant's evidence on

Publisher's Note.

1. Admissibility of evidence of other offenses in criminal trial, see notes in 44 Am. Rep. 299; 105 Am. St. 976.

Evidence of other offenses as provable in robbery, see note in 16 Ann. Cas. 669.

this proposition, and was a charge upon the weight of the evidence. (*State v. Dannelly,* 116 S. C. 113, 14 A. L. R. 1420, 107 S. E. 149; *Porter v. State,* 55 Ala. 95; *Binns v. State,* 46 Ind. 311; *Line v. State,* 51 Ind. 172, 1 Am. Crim. 615; *Dawson v. State,* 62 Miss. 241; *Simmons v. State,* 61 Miss. 243; *State v. Crowell,* 149 Mo. 391, 73 Am. St. 402, 50 S. W. 893; *Casey v. State,* 49 Neb. 403, 68 N. W. 643; *State v. Smalls,* 98 S. C. 297, 82 S. E. 421; *People v. Kelley,* 35 Hun (N. Y.), 295; *State v. Chee Gong,* 16 Or. 534, 19 Pac. 607; *Walker v. State,* 50 Tex. Cr. 221, 96 S. W. 35; *Henry v. State,* 51 Neb. 149, 66 Am. St. 450, 70 N. W. 924.)

A. H. Conner, Attorney General, and John W. Cramer, Assistant, for Respondent.

A witness may state his conclusions as to the conduct and demeanor of an accused at or about the time of his arrest, which is an exception to the general rule of the exclusion of opinion evidence, this being a matter which cannot be otherwise specifically described. (Wharton's Crim. Evidence, sec. 460; *State v. Lucey,* 24 Mont. 295, 61 Pac. 994; *State v. Fisher,* 54 Mont. 211, 169 Pac. 282; Wigmore, Evidence, sec. 1977; *State v. Pruett,* 22 N. M. 223, 160 Pac. 362, L. R. A. 1918A, 656, and note at 673.)

An exception must be taken and preserved in order to predicate error on an instruction given by the court on its own motion. The instruction on alibi as a defense is therefore not before the court on appeal. (*State v. Main,* 37 Ida. 449, 216 Pac. 731; *State v. Ray,* 32 Ida. 363, 182 Pac. 857; *State v. Lundhigh,* 30 Ida. 365, 164 Pac. 690.)

An instruction on the defense of alibi that it is the duty of the jury ''to examine such evidence carefully to determine its truth or falsity'' is not erroneous as disparaging the defense. (*People v. Sharp,* 58 Cal. App. 637, 209 Pac. 266; *People v. Carson,* 49 Cal. App. 12, 192 Pac. 318; *People v. Passafiume,* 59 Cal. App. 283, 210 Pac. 544; *State v. Wren,* 194 Iowa, 552, 188 N. W. 697; *State v. Banoch,* 193 Iowa, 851, 186 N. W. 436; *State v. Leete,* 187 Iowa, 305, 174 N. W. 253; *State v. Cartwright,* 188 Iowa, 579, 174 N. W.

586; *State v. Dannelly*, 116 S. C. 113, 107 S. E. 149, 14 A. L. R. 1420, and note at 1433.)

EDGINGTON, District Judge.—The appellant was convicted of the crime of assault with intent to commit robbery. This appeal is from the judgment of conviction, and from an order denying motion for a new trial. The appellant urges a number of assignments of error, but the court does not feel the necessity of discussing all of them.

It is urged that the identification of the appellant by the complaining witness, as the party who committed the alleged assault, was wholly insufficient to warrant a conviction. The appellant, in his brief, apparently labors under the impression that the only identification by the complaining witness of the appellant as being the party who assaulted him, was by the appellant's voice alone. The complaining witness testified that he not only recognized the appellant by his voice, but further recognized his face, in part as follows:

"Q. How do you know it was Theron Wheeler?

"A'. I hear him; his voice, of course, and after I see his face."

The record further discloses that the complaining witness and the appellant had met on divers occasions, and had, previous to the alleged assault, had some tentative business dealings, so that the complaining witness and the appellant were known to each other. The verdict rendered was, upon that point, supported by substantial and sufficient evidence.

The appellant further insists that the trial court erred in an instruction to the jury upon the question of alibi, in which the court used, in part, the following language:

"But it is your duty to examine such evidence carefully to determine its truth or falsity."

The objection is raised only to the phrase above mentioned. In brief, the theory of the appellant is that the trial court, by the use of the language quoted, induced or tended to induce the jury to believe that the court looked upon such defense with suspicion. This form of instruction, in more

exacting language, has been approved by appellate courts in numerous cases. (*People* v. *Passafiume*, 59 Cal. App. 283, 210 Pac. 544; *People v. Sharp*, 58 Cal. App. 637, 209 Pac. 266; *People v. Carson*, 49 Cal. App. 12, 192 Pac. 318.) However, in numerous cases, the propriety of such an instruction has been doubted, as a comment upon the weight of the evidence. (*State v. Chee Gong*, 16 Or. 534, 19 Pac. 607; *State v. Danelly*, 116 S. C. 113, 107 S. E. 149, 14 A. L. R. 1420; *State v. Small*, 98 S. C. 297, 82 S. E. 421; *State v. Crowell*, 149 Mo. 391, 73 Am. St. 402, 50 S. W. 893.) We do not approve of such an instruction. The error, however, is not sufficient upon which to reverse this case. Upon all of the instructions taken together, the court fairly instructed the jury as to the issues.

Another error is assigned in the admission of the evidence of the witnesses Simmons and Ezell, in response to questions as to the general demeanor or conduct of appellant when arrested. The demeanor or conduct of one accused of crime may be testified to in a criminal prosecution. (*State v. Byrd*, 41 Mont. 585, 111 Pac. 407; *State v. Tighe*, 27 Mont. 327, 71 Pac. 3; *State v. Lucey*, 24 Mont. 295, 61 Pac. 994; Wigmore on Evidence, 2d ed., secs. 273, 1974.) The answer of Simmons, that appellant "had the awfulest expression on his face" that he had ever seen, and that "he just looked like he could hardly hold himself in, and had an awful look," was objectionable and not responsive to the question and not admissible. As to the answer of Ezell, the question was proper, and no motion was made to strike the answer.

Another assignment of error goes to the permitting of the witness Hector Dayley to testify, over objection, that some time in February, 1922, the appellant proposed to him that he and Dayley go to a party named Starkweather and get a case of whiskey. It is noted that the witness Dayley further testified that the appellant stated that he would get this whiskey with the use of a gun, or at least his answer implied that interpretation. The alleged assault was committed on or about April 6, 1922, so it will be observed that

this conversation must have occurred approximately two months before the time of the alleged commission of the crime with which appellant is charged. The incident was too remote and too unrelated to the crime charged in the information to have been admissible under any possible theory of the state's case. There was no connection at all between the conversation testified to by the witness Dayley and the commission of the alleged crime. It was not a case where the prosecution was entitled to aid its proof of the offense charged by proof of other crimes or attempted crimes. (*State v. Buster,* 28 Ida. 110, 152 Pac. 196; *People v. Renwick,* 31 Cal. App. 774, 161 Pac. 1002; 16 C. J., p. 586, sec. 1132, p. 610, sec. 1196.) The admission of such testimony could only have served to prejudice the appellant in the eyes of the jury, and therefore we conclude that the appellant was denied a fair and impartial trial.

It is ordered that the judgment of conviction be reversed and a new trial granted.

Wm. E. Lee, Budge, Givens and Taylor, JJ., concur.