(122 So. 52)

No. 29721.

**STATE v. WALES et al.**

March 25, 1929. Rehearing Denied April 22, 1929.

Overton & Hunter, of Alexandria, for appellants.

Percy Saint, Atty. Gen., Cleveland Dear, Dist. Atty., of Alexandria, and E. R. Schowalter, Asst. Atty. Gen., for the State.

ST. PAUL, J. Joe Wales and Clyde Bailey were convicted of robbery. Their appeal presents ten bills of exception, as follows:

Bill No. 10 was reserved to the overruling of a motion on arrest of judgment on the ground that the indictment charged no offense because it did not charge that the person robbed was the owner of the money taken or in *lawful* possession thereof.

■ This was not necessary. In State v. Curtin, 111 La. 129, 35 So. 485, the accused was charged with attempting to rob from the person of Mrs. W. E. Livaudais the sum of $2.50, "the goods and property of W. E. Livaudais," and the information was held to

be good. In State v. Corbes, 47 La. Ann. 1587, 18 So. 638, the accused was charged with robbing from the person of one Allen McCoy "the sum of eight dollars and ninety cents in money of the legal currency of the United States, contrary to the form of the statute," etc. And the indictment was held good. In neither case was the money charged to belong to, or be in the *lawful* possession of, the party robbed.

■ And the reason is that robbery is nothing else but larceny accompanied by putting in fear. But larceny may be committed even where the property be stolen from one who has himself stolen it. 36 Corp. Jur. pp. 832, 840 (Larceny, §§ 319, 344); 17 Rul. Cas. Law, p. 22 (Larceny, § 25).

■ It was therefore immaterial that the indictment charged that the money stolen from John W. Monroe was the property of the Bank of Glenora, without charging that Monroe was in lawful possession thereof. The bill is therefore without merit.

Bill of exception No. 3 raises the same point by objection to any testimony as to the robbery, and is also without merit.

■ Bills Nos. 4 and 5 were reserved to the ruling allowing the indictment to be amended by alleging that John W. Monroe was the cashier of the bank (and therefore in lawful possession of the bank's money), and to the refusal to grant a continuance after the amendment. As no amendment was necessary, there is no merit in the bills.

Bills Nos. 6 and 7 were reserved to the admission of evidence showing an alleged independent crime, to wit, the robbery of an automobile with which to perpetrate the robbery.

■ It is generally true that an independent crime cannot be shown, and is prejudicial to the accused. But in this instance the crime was a mere incident of the witness' testimony

going to show identification of the robbers, their rapid progress to the scene of the crime from a town some 35 miles distant, and their preparation for the crime by loading a machine gun into the automobile and departing after taking the automobile and binding the owner thereof. The case of People v. Renwick, 31 Cal. App. 774, 161 P. 1002, by the District Court of Appeals of California, has no application. There the owner was not called upon to identify the robbers, or to show any preparation. That was proved by others, and the owner of the machine used by the robbers was called for no other purpose than to show that his automobile had been stolen by persons unknown to him. It in no way aided in the proof of the robbery. Here the case is different; the testimony of the owner of the automobile aided substantially in establishing the identity, the preparation, and the rapid progress of the robbers. The manner by which they obtained possession of the automobile was merely incidental to the fact that they did obtain it for the purpose of the robbery.

Bill No. 1 is abandoned. Bill No. 9 is a motion for a new trial and presents nothing for consideration.

■ Bill No. 2 is reserved to the admission of testimony showing that one of the accused was shabbily dressed before the robbery, but well dressed afterward. This was admissible as circumstantial evidence, even though the state did not rely entirely on circumstantial evidence to prove its case.

■ Bill No. 8 was reserved to the admission of rebuttal testimony showing that the accused were within 35 miles of the place of robbery on the day before; the accused having attempted an alibi purporting to show that they were both far out of the state at that time and at the time the robbery was committed. The evidence was clearly admissible in rebuttal, although cumulative. State v. Holbrook, 153 La. 1025, 1034, 97 So. 27.

### Decree.

The judgment appealed from is therefore affirmed.