land; j.
 

 Defendant appeals from a conviction for robbery and a sentence of not less than 9 years and 4 months nor more than 14 years in the State Penitentiary.
 

 Defendant and one Hunter B. Watson are jointly charged with the robbery of Olla State Bank of the sum of $5,218.45 on August 19, 1932.
 

 Both defendants were found guilty as charged, but the defendant, Turner, alone has appealed, and relies upon seven bills of exceptions.
 

 Bill No. 1.
 

 It appears from this bill that one Norris Basco, a juror on the regular panel for the week, was the eighth juror accepted by the state and defendant, after examination on his voir dire; that, after the acceptance of this juror, the court took a short recess, and, • upon reconvening, the district attorney suggested to the trial judge that Basco was an incompetent juror, as he could not read and write the English language. Upon being interrogated by the court and the district attorney, the juror answered that he could write and read only his name. Thereupon the juror was excused, over the objection of counsel for defendant, and the present bill was reserved. After Basco had been excused, and before the jury panel drawn to try the case had been completed, the regular jury panel for the week was exhausted and tales jurors had to be drawn.
 

 Under section 1 of Act No. 135 of 1898, a petit juror is required “to be a competent and intelligbnt person of full age having capacity to serve as a juror, to try and determine both civil and criminal cases.
 
 * * *
 
 ”
 

 It is further provided in this section “that the judges of the District Courts shall have discretion to decide upon the competency of jurors in particular cases where from physical infirmity or from relationship or from ignorance of the English language and inability to understand the same when read or spoken, or other causes, the person may be, in the opinion of the judge, incompetent to sit upon the trial of any particular case.”
 

 The trial judge found the juror to be incompetent under the law, as shown by the per curiam to this bill, and set the juror aside, before any evidence was presented, under articles 359 and 360 of the Code of Criminal Procedure.
 

 These articles of the Code of Criminal Procedure read as follows:
 

 “Art. 359. Although a juror may have been accepted by both the prosecution and the defense, he may, none the less, up to the' beginning of the taking of evidence, be chai
 
 *531
 
 lenged for canse by either side, or be excused either for cause or by consent of both sides.
 

 “Art. 366. If, after a juror has been accepted and sworn, it be discovered that he is incompetent to serve, the judge may, in the exercise of a sound discretion, at any time before evidence has gone to the jury, order such juror to be set aside and the panel to be completed in the ordinary course.”
 

 These articles were strictly complied with by the trial judge, and we fail to find any abuse of the sound discretion vested in him by law in the discharge of the juror in question.
 

 Bills Nos. 2 and 7.
 

 The defendant signed a written statement or confession, which was introduced in evidence by the state, and was objected to by counsel for defense on the ground that the confession was not free and voluntary. The objections to the admission of the confession were overruled, and above bills were reserved.
 

 In the per curiams to these bills, the court states that “there was sufficient proof that Turner’s statements were made freely and voluntarily. There was no duress shown; no threats made; no offers of reward or inducements of any kind held out to Turner to secure his admissions or confessions. Several witnesses testified on this point and none to the contrary.”
 

 We find no error in the ruling of which defendant complains.
 

 Bills Nos. 3, 4, and 6,
 

 It appears that, shortly before the Olla State Bank was robbed, one Walter Owens was charged with holding up a taxi driver and taking his car in the city of Monroe, and that, on the preliminary examination of the case in that city, the defendant, Turner, had testified that he, and not Owens, was the one who had “hijacked” the car in question. This car was used in the robbery in this case, and was abandoned a few miles from Olla, the scene of the robbery.
 

 Counsel for defendant objected to the state’s proving that defendant had testified, at the preliminary examination in the city of Monroe, that he had stolen the car in question, on the ground that the “hijacking” of this car was a separate and distinct transaction, and had-no connection with the case here on trial.
 

 This objection was properly overruled, in our opinion, because, if defendant stole the car, as he testified he did at the preliminary trial in the city of Monroe, the theft connected him, under the facts of this case, with the robbery of the Olla State Bank, and it was relevant as a link in the chain of evidence relied upon by the state in this case.
 

 In State v. Wales, 168 La. 322, 122 So. 52, 53, which is squarely in point, we held, as stated in the syllabus: “Reception of evidence, in robbery prosecution, tending to show the independent crime of stealing the automobile with which the robbery was committed, [is] not erroneous, where the testimony of the owner of the automobile aided substantially
 
 in establishing identity
 
 of perpetrators,
 
 their preparation
 
 for the crime, and their rapidity of movement; the manner in which they obtained the automobile being merely incidental to fact that they did ob
 
 *533
 
 tain it
 
 for purpose of rohhery.
 
 onrs.) (Italics
 

 Bill No. 5.
 

 The following question was propounded by the district attorney to an eye witness for the state:
 

 “Are you positive that Red Turner, the defendant, was one of the parties that assisted in the robbery of the bank on the morning you were there?”
 

 The witness answered: “I have reason to believe so. He told me he robbed the bank and I haven’t seen anybody that favored the man that helped rob the bank any more than he does, and he is the perfect image of the man.”
 

 Defendant objected to the introduction of this evidence on the ground that the answer of the witness calls for a conclusion very largely and is prejudicial to the rights of the defendant.
 

 The witness was present at the time of the robbery of the bank. Defendant is not only “the perfect image of the man” who aided in robbing the bank, but
 
 confessed
 
 to. the witness that he had participated in the robbery. The defendant, therefore,
 
 admitted
 
 his identity by his confession to the witness, who testified not to a mere conclusion, when he stated that defendant was “the perfect image” of the robber, but to a fact within the actual knowledge of the witness.
 

 The bill is without merit.
 

 The conviction and sentence appealed from are affirmed.
 

 BRUNOT, J., takes no part.