## MAHONEY *v*. STATE OF INDIANA.

[No. 26,016. Filed March 31, 1932.]

*Mark L. Thompson,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

MARTIN, J.—The appellant and three others were charged by affidavit with the crime of automobile banditry (§3, ch. 54, Acts 1929, §2548 Burns Supp. 1929), by having "held up" with firearms the occupants of a roadhouse or filling station in Fountain County and robbed them of two slot machines which appellant and his companions removed and placed in an automobile,

which they had at the time on the premises and by the use of which they escaped. Appellant was tried by a jury which returned a verdict of guilty, and judgment was rendered by the court (in compliance with §§3, 5 and 6 of the act, §§2548, 2341.1, 2341.2 Burns Supp. 1929), sentencing him to imprisonment in the Indiana Reformatory for a term of 15 years.

The alleged errors relied upon for reversal are the overruling of his motions to quash the indictment, in arrest of judgment and for a new trial—reasons assigned in the latter motion include the giving and refusing to give certain instructions and that the verdict is not sustained by sufficient evidence and is contrary to law.

The appellant contends that the affidavit was not sufficient to charge the crime of automobile banditry,[1] for the reason that it did not sufficiently charge the commission of the felony (robbery), which was an essential element thereof.[2] He says that robbery is not sufficiently charged because the affidavit does not allege that the property was taken from the *person* of another, and does not allege that the property was *forcibly* taken. The affidavit is set out in a footnote.[3]

---

NOTE 1. Section 3, ch. 54, Acts 1929; §2548 Burns Supp. 1929 provides that "if any person . . . shall commit or attempt to commit a felony, having at the time on or near the premises where such felony is attempted or committed, an automobile, . . . aeroplane, or other self moving conveyance, by the use of which he . . . escape, or attempt . . . or intend to escape . . . he . . . shall be guilty of automobile banditry, and, upon conviction thereof, shall be imprisoned in the state prison for any determinate period not less than ten nor more than twenty-five years."

NOTE 2. The crime of robbery is defined by §1, ch. 54, Acts 1929, §2425 Burns Supp. 1929 as follows: "Whoever forcibly and feloniously takes from the person of another any article of value, by violence or by putting in fear, is guilty of robbery."

NOTE 3. "Adrian Lutz, being duly sworn, upon his oath says that Tony Mahoney, Jack Mahoney, Earl Chizum and Lowell Brier, on the 30th day of November, 1930, at and in Fountain County, Indiana, did then and there unlawfully and feloniously rob, take, steal, carry and haul away of the goods and chattels of

The words "from the person of another" contained in the robbery statute are not so strictly construed as to exclude the taking of property from the immediate presence of the person. "A felonious taking by violence or putting in fear from the presence of the person robbed may constitute the crime of robbery." *Rains* v. *State* (1894), 137 Ind. 83, 88, 36 N. E. 532.

"Words used in the statute to define a public offense need not be strictly pursued, but other words conveying the same meaning may be used," §174, ch. 169, Acts 1905, §2203 Burns 1926, and the language used in the affidavit ("unlawfully and feloniously rob, take, steal, . . . by violence and putting in fear," etc.) is sufficient to convey the meaning that the act of the appellant was performed with force or forcibly. See *Chandler* v. *State* (1895), 141 Ind. 106, 113, 39 N. E. 444, and *Craig* v. *State* (1901), 157 Ind. 574, 62 N. E. 5.

The appellant's "condensed recital of the evidence" is neither an adequate nor a fair review of the evidence. It is directed almost solely to the testimony on the question of the ownership and control of the slot machines which were taken from the roadhouse during the holdup. The State in its brief says (and its statement is not controverted in the reply brief) :

---

Jack Winterstein, two slot machines and the money therein contained, all of the value of one hundred dollars or more, then and there belonging to the said Jack Winterstein, by violence and putting in fear the said Adrian Lutz, who was then and there in charge of said slot machines and money, for and on behalf of Jack Winterstein; the said defendants Tony Mahoney, Earl Chizum and Lowell Brier, at the said time and place, had on and near the premises whereon said robbery was committed by them, a self-moving vehicle, to wit, an automobile, by the use of which they intended to escape and did escape, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

"The evidence shows that on the evening of Nov. 30, 1930, the appellant together with one Lowell Brier, Jack Mahoney and Earl Chizum went to a filling station in Fountain County in an automobile and after leaving one man in the car, appellant and the others entered the station and walked up to one of the patrons and appellant, Tony Mahoney struck him on the head with a revolver. He then ordered the people in there to line up against the wall, and threatened them with a gun and while he had them placed against the wall, he shot one of the men through the shoulder—and then robbed the station of three slot machines and loaded them into an automobile and drove away."

Appellant, by quoting from the testimony of Winterstein, who operated the roadhouse or filling station, and of Lutz, who executed the affidavit instituting this prosecution and who was an employee of Winterstein, seeks to demonstrate that the evidence was not sufficient to prove that Winterstein or/and Lutz owned or were in possession or control of the slot machines. It is true that both of these witnesses, in their cross-examinations, were evasive as to their connection with the slot machines, but there was sufficient evidence from which the jury could reasonably draw the inference that they were in possession and control of such machines. They denied knowledge of who was the actual "owner," or that they had anything to do with the "operation" of the machines, but it clearly appeared that they had the custody of the machines, and, when the collector came around to get the money out of the machines, Winterstein took the "per cent" for his employer, who owned the roadhouse but who was in the penitentiary. The evidence is sufficient to sustain the verdict.

The appellant's objections to the giving and refusing of a number of instructions are based on his contention that "automobile banditry comprehends and embraces also a charge of robbery, which, in turn, compre-

hends a charge of grand larceny and petit larceny," and that, "under this affidavit the defendant may be found guilty of either automobile banditry or grand larceny or petit larceny." This contention is entirely untenable. Larceny is not necessarily included as a lower degree of the crime of committing or attempting to commit a felony, having near the premises a self-moving conveyance in which to escape, and, if it was so included, the Legislature, by the act of 1929, has determined that §271, ch. 169, Acts 1905 (the Criminal Code), §2312 Burns 1926, is not to be applied to the crime here involved. Section 6, ch. 54, Acts 1929, §2341.2 Burns Supp. 1929, provides in part that:

> "If any person charged with any of the offenses enumerated in this act is found guilty of the offense so charged, the jury, . . . shall find the defendant guilty of the offense so charged, and of no lesser offense, and the trial judge shall fix the penalty for the crime . . . as prescribed in this act."
> "No person who is found guilty of any offense prescribed in this act shall be sentenced for a lesser offense than the offense charged in the indictment." §2341.1 Burns Supp. 1929.

See *Mack* v. *State* (1932), *ante* ——, 180 N. E. 279. The court correctly and properly instructed the jury that:

> "The defendant in this case stands charged with the crime of automobile banditry and the charge is set forth in an affidavit which has been read within your hearing. Under this charge you cannot find the defendant guilty of any lesser offense, and, if you find the defendant guilty, his sentence must be imprisonment in the state prison for a determinate period of time not less than ten years nor more than twenty-five years, and the Court has no authority to suspend or commute such sentence."

The court properly instructed the jury that the fact, if it was a fact, that the prosecuting witness was violating the law regarding the keeping of gaming ▮▮ devices was not a defense in this case. Some additional statements in the instruction to the effect that the jurisdiction of the grand jury to institute criminal proceedings for the possession of gaming devices extended back for a period of two years, etc., were unnecessary and not directly involved in the case at bar, but we can see no reason, and appellant has pointed out none, why such an instruction was harmful to appellant.

All matters embraced in a number of instructions properly requested by the appellant were fully and properly covered by other instructions given by ▮ the court of its own motion, and, in such a situation, an appellant cannot predicate reversible error on the refusal to give his tendered instructions.

Judgment affirmed.