DIXON *v.* STATE OF INDIANA.

[No. 28,089. Filed September 26, 1945.]

524

*T. Ernest Maholm,* of Indianapolis, for appellant.

*James A. Emmert,* Attorney General, and *Frank E. Coughlin,* First Assistant Attorney General, for the State.

YOUNG, J.—On April 29, 1944, an affidavit was filed in the Criminal Court of Marion County, charging appellant with receiving and concealing stolen goods. The goods alleged to have been received and concealed were only generally described as "electric motors, radios, electric irons, electric toasters, electric grills and other electrical equipment," and the date of the alleged receipt and concealment was alleged to be February 10, 1943. It was alleged that the goods had been stolen by one Dewey Elliott and that they belonged to persons unknown.

During the course of the trial Elliott was asked to state the first date upon which he had any transaction with the defendant. His answer was that the first date he sold appellant anything was the latter part of May or the first part of June. Appellant's counsel moved that this answer be stricken for the reason that evidence of receiving stolen goods upon dates subsequent to the date alleged in the affidavit was inadmissible. The motion was overruled and this ruling is the first error urged by appellant in his motion for a new trial and in his brief. Our statutes provide that the precise time of the commission of an offense need not be stated in the indictment or affidavit, and that it is sufficient if the offense is shown to have been

committed within the statute of limitations, except where time is an indispensable ingredient in the offense. § 9-1106, Burns' 1942 Replacement. This court has held many times that time is not of the essence of criminal offenses, except where the offense is in doing the thing charged upon a certain date. Ordinarily it is enough to show that the offense was committed before the affidavit was filed and within the statute of limitations. *Crickmore* v. *State* (1937), 213 Ind. 586, 591, 12 N. E. (2d) 266; *Peats* v. *State* (1937), 213 Ind. 560, 567, 12 N. E. (2d) 270; *Hunt* v. *State* (1927), 199 Ind. 550, 555, 556, 159 N. E. 149; *Boos* v. *State* (1914), 181 Ind. 562, 570, 105 N. E. 117. It follows that proof of receiving stolen goods from the person named in the indictment at a time other than that charged in the affidavit was proper if the date or dates proved were before the affidavit was filed and within the statute of limitations, which was true in this instance. Therefore there was no error in overruling the motion to strike here under consideration.

Immediately following this ruling of the court the State asked leave to amend the affidavit by changing the date upon which it was charged the offense was committed from February 10, 1943, to September 18, 1943, and this motion was sustained by the court and the affidavit was amended accordingly. The affidavit was not resworn to and the trial proceeded without reswearing the witnesses or plea by defendant to affidavit as amended. This is alleged as error in the motion for a new trial.

If time is not of the essence of the offense, as we have held, then the amendment would not alter the indictment in any material respect and would be, therefore, harmless and not ground for reversal. *Peats* v. *State, supra; Crickmore* v. *State, supra.*

It may be added that our statutes specifically provide

for amendment of indictments and affidavits "at any time before, during or after the trial . . . in respect to any defect, imperfection or omission in form, provided no change is made in the name or identity of the defendant or defendants or of the crime sought to be charged." § 9-1133, Burns' 1942 Replacement. Here is a statutory provision specifically permitting amendment of indictments and affidavits as to form during or even after trial, provided no change is made in the defendant or the crime sought to be charged. Exactly the same defendant is named and the same crime is charged in exactly the same language in the affidavit after amendment as before. The only change was in date which did not go to the substance of the offense and was immaterial. This statute permitted this amendment and does not require that the affidavit be resworn to or that any other formalities be complied with. It is clear that it was not contemplated by the legislature that the affidavit be resworn to because the same section provides for amendments in indictments as well as affidavits, and if it was contemplated that an affidavit had to be resworn to it would seem to follow that an indictment would have to be resubmitted to the grand jury, which is clearly not the intent of the statute.

Appellant, in this connection, calls attention to § 9-1124, Burns' 1942 Replacement which provides that an affidavit, but not an indictment, may be amended in matters of substance at any time before the defendant pleads, and under this statute it is specifically provided that when the affidavit is amended it shall be resworn to. This statute does not apply to the case before us. Also the fact that the provision for reswearing appears in § 9-1124 and does not appear in § 9-1133 indicates that the legislature had a different thought and idea

in connection with § 9-1133 and it is natural that it should. It provides for amendments as to form only, and provides that they may be made at any stage of the trial, whereas the statute which requires reswearing applies also to amendments in matters of substance and permits such amendments only before the defendant pleads. There is good reason why an affidavit should be resworn to where matters of substance are amended and not where the amendment is only as to form. We hold that when amendments of affidavits are made in the course of a trial pursuant to § 9-1133, Burns' 1942 Replacement, a reswearing of the deponent is not required. Such amendment relates back to the time of the filing of the original affidavit, and if it occurs in the course of the trial the defendant need not plead again, the witnesses need not be resworn and the trial need not start anew, but may proceed as though the affidavit, as originally filed, had been in the form it took after amendment.

Appellant, in the course of the trial, objected to testimony describing the articles involved and that they were stolen, before showing the ownership of such articles. The witness testified that he had stolen the articles from certain places and also stated that he did not know the owners of the property, and in the affidavit it was alleged that the owners were unknown. It is not necessary to allege in an affidavit or indictment the name of the owner of stolen property. It is sufficient to allege that the ownership is unknown and where there is such an allegation that fact must be accepted as true unless the contrary affirmatively appears upon the face of the affidavit. *Miller* v. *State* (1937), 211 Ind. 317, 319, 6 N. E. (2d) 948; *Crickmore* v. *State, supra.* If it is sufficient to allege lack of knowledge as to ownership in the affidavit it is suf-

ficient to prove such lack of knowledge. Practical considerations justify this rule. A thief may not know who owns property which he steals and a man receiving goods from a thief may know that they are stolen without knowing from whom it was taken. Where ownership is alleged to be unknown in the affidavit or indictment a case may be made without proving the name of the actual owner. It is also permissible to admit testimony that certain described articles had been stolen without introducing the articles themselves in evidence. *Holler* v. *State* (1941), 219 Ind. 303, 304, 305, 38 N. E. (2d) 242. But the State is not required to rely on these rules here because the order of proof is within the discretion of the court and subsequently the chattels themselves were offered in evidence and their ownership was proved by the owner thereof who had found them in the place of business of the appellant.

The man who stole the chattels and delivered them to appellant was on the witness stand and was asked to tell what he said and what the appellant said on a certain occasion. Objection was made unless the time and place of the conversation was fixed. Objection was overruled and the question was answered. The preceding question fixed the time as "when I first started to deal with him," and earlier in the examination the date and place of this event had been made to appear. So the conditions named by appellant's counsel had already been met. It is also true that substantially the same facts testified to in response to the question under discussion had been earlier testified to without objection by the same witness. The court did not err in permitting the witness to answer this question.

Appellant also contends that the decision of the court is not sustained by the evidence. He does not point out

any element necessary to conviction upon which there was no evidence and this court, of course, is limited to a consideration of evidence favorable to the State and cannot reverse if there is any evidence upon which the trial court might have based the decision. *Howard* v. *State* (1933), 205 Ind. 592, 596, 187 N. E. 381; *Larkin* v. *State* (1904), 163 Ind. 375, 378, 71 N. E. 959.

In the case before us there may have been reasons why the court might not believe the witnesses upon which the State relied to prove some of the essential elements of the offense charged. But the credibility of these witnesses was for the court trying the case. The court apparently believed them and if he did there was abundant evidence to show that one of the witnesses had stolen motors and other goods and had sold them to appellant and that the appellant had knowledge that the goods were stolen. The man who stole the goods testified that he had sold them to appellant. He testified that he had told the appellant that the goods were stolen and that if they were "too hot" he would advise appellant so appellant could resell the stolen goods outside the city where they were stolen. The goods were found by their owner in the place of business of appellant and were identified.

There was evidence from which the court might find every essential element of the offense of receiving stolen goods and we find no intervening error. Therefore the judgment is affirmed.

Note.—Reported in 62 N. E. (2d) 629.