STATE EX REL. KAUFMAN *v.* GOULD, SPECIAL JUDGE.

[No. 28,760.   Filed April 17, 1951.]

*Lorin H. Kiely, W. D. Hardy* and *James H. Meyer,*
all of Evansville, for relator.

*Edward Crabtree, Forrest M. Condit* and *Bernard A.
Frick,* all of Evansville, for respondent.

JASPER, J.—This is an original action by the relator
against Hon. Phillip C. Gould, as Special Judge of the
Vanderburgh Circuit Court, for a writ of prohibition,
prohibiting the respondent from exercising jurisdiction
in a cause of action entitled "State of Indiana v. Shel-
don S. Kaufman et al.," numbered 4548, in the Van-
derburgh Circuit Court, and to mandate the respondent
to expunge certain orders made by him as Special
Judge. A temporary writ of prohibition issued.

On February 18, 1950, the relator was charged by
affidavit, in the Vanderburgh Circuit Court, with the
crime of robbery while armed, under § 10-4709, Burns'
1942 Replacement. On February 27, 1950, an amended

affidavit, charging the same offense, was filed. On March 9, 1950, the relator waived arraignment on the amended affidavit and entered a plea of not guilty to the charge and was later released on bond. On May 22, 1950, the respondent qualified as Special Judge. The relator was tried by jury, and, on January 9, 1951, the jury, being unable to agree, was discharged. On February 16, 1951, the Prosecuting Attorney, by leave of court, and over the objection of the relator, filed a second amended affidavit, charging armed robbery, but changing the name of the owner of the stolen property from Interstate Loan *Company* to Interstate Loan *Corporation*. The relator filed written objections to the respondent exercising further jurisdiction in the cause, contending that the second amended affidavit charged a separate, distinct, and different offense from that charged in the first amended affidavit, and must be filed with the regular judge. The relator was ordered to appear at a future date for arraignment on the charge set forth in the second amended affidavit. The relator failed to appear as ordered for the reason that he was in the custody of federal authorities. The respondent ordered the forfeiture of his bond.

The sole question presented is whether the second amended affidavit filed in the cause charged the relator with a new, separate, distinct, and different offense by changing the name of the owner of the stolen property from Interstate Loan *Company* to Interstate Loan *Corporation*. If it is a new offense, then the respondent, as Special Judge, has no jurisdiction over the subject matter of the action and over the person of the relator. The statutes of this state contain two provisions for the amendment of affidavits.

Section 9-1124, Burns' 1942 Replacement, reads as follows:

"The affidavit may be amended in matter of substance or form at any time before the defendant pleads. . . ."

Section 9-1133, Burns' 1942 Replacement, reads as follows:

"The court may at any time before, during or after the trial amend the indictment or affidavit in respect to any defect, imperfection or omission in form, provided no change is made in the name or identity of the defendant or defendants *or of the crime sought to be charged.*"

This court has held in numerous cases that, after a defendant pleads to a criminal charge, the state cannot amend the affidavit as to matter of substance. *Rogers* v. *State* (1948), 226 Ind. 539, 82 N. E. 2d 89; *Way* v. *State* (1946), 224 Ind. 280, 66 N. E. 2d 608. The ownership of property stolen is a material allegation descriptive of the offense. *Shelby* v. *State* (1951), 229 Ind. 186, 96 N. E. 2d 340; *Rhoades* v. *State* (1946), 224 Ind. 569, 70 N. E. 2d 27. If, by amendment, the allegation as to the identity of the owner of the property was changed, then it would be an amendment as to substance; so, in the case now before us, if the amendment and the change of the word "company" to "corporation" is an allegation of a new or different party as the owner of the property stolen, then it was an amendment as to a matter of substance and not of form. The rule as to whether an amendment is as to substance or form can be stated thus: If the defense under the affidavit as it originally stood would be equally available after the amendment is made, and if any evidence the accused might have would be equally applicable to the affidavit in the one form as in the other, then the amendment is one of form and not of substance. 42 C. J. S., Indictments and

Informations, § 240, p. 1250. With the test as above set out, and applying the pertinent part of § 9-1127, Burns' 1942 Replacement, which reads as follows:

> "No indictment or affidavit shall be deemed invalid, nor shall the same be set aside or quashed, nor shall the trial, judgment or other proceeding be stayed, arrested or in any manner affected for any of the following defects: . . .
> "Tenth. For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits,"

if the second amended affidavit in the case now before us does not prejudice the substantial rights of the accused, it is then an amendment as to form. *Krauss* v. *State* (1947), 225 Ind. 195, 73 N. E. 2d 676.

From what we have said above, it is apparent that the amendment sought to be made in this case is such that it would be necessary to have the evidence before this court before we could properly decide whether the change of the word "company" to "corporation" is a matter of substance or of form. It is a question to be decided after evidence is heard, and a proper subject for review on appeal.

From the facts as presented at this time, we cannot say that the respondent has lost jurisdiction.

The temporary writ of prohibition heretofore issued is dissolved.

NOTE.—Reported in 98 N. E. 2d 184.