## SMITH *v.* STATE OF INDIANA.

[No. 268S40. Filed April 24, 1969. Rehearing denied June 5, 1969.]

*Frank E. Spencer, Robert Robinson,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Michael V. Gooch, James H. Voyles,* Deputy Attorney Generals, for appellee.

ARTERBURN, J.—The charge brought by affidavit was filed against the appellant on December 29, 1965, and was in part as follows:

> ". . . which property the said JEROME PATSIN[G]ER then and there *unlawfully* held in his possession and was then and there the property of OSCAR'S LOAN OFFICE, INC., . . ." (our emphasis).

The appellant entered a plea of not guilty and on October 30, 1967, the cause was submitted for trial by jury. Immediately before the commencement of the trial of this cause, the State moved to amend the affidavit upon which the defendant was charged to read as follows: "which property the said JEROME PATSIN[G]ER then and there *lawfully* held

in his possession. . ." (our emphasis). The affidavit as amended was not subscribed nor sworn to. The defendant was then tried by jury, found guilty and sentenced accordingly. It is appellant's contention that the amendment of the affidavit was one of substance rather than form and therefore the absence of the affidavit as amended being subscribed or sworn to constituted error. To support this position the appellant cites Burns' § 9-1124 which reads:

> "The affidavit may be amended in matter of substance or form at any time before the defendant pleads. When the affidavit is amended it shall be sworn to. . . ."

The appellant urges that since the name of the owner of the property alleged to be stolen is a material allegation of the charge of robbery, the change of the word unlawful to lawful would be a change of substance rather than form.

Burns' § 9-1133 provides:

> "The court may at any time before, during or after trial amend the indictment or affidavit in respect to any defect, imperfection or omission in form, provided no change is made in the name or identity of the defendant or defendants or of the crime sought to be charged."

The rule in Indiana as to whether the amendment is a change in form or substance is expressed in the case of *State ex rel. Kaufman v. Gould* (1951), 229 Ind. 288, 291, 98 N. E. 2d 184:

> ". . . If the defense under the affidavit as it originally stood would be equally available after the amendment is made, and if any evidence the accused might have would be equally applicable to the affidavit in the one form as in the other, then the amendment is one of form and not substance. 42 C. J. S. Indictments and Affidavits, § 240, p. 1250."

Therefore, to hold that Burns' § 9-1133 applies, it is necessary that the "crime sought to be charged" be the same before and after the amendment.

Burns' § 10-4101, the statute under which the appellant was charged, reads in part as follows:

"Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery, and on conviction . . ."

It is not necessary to allege whether the person from whom the property is taken holds the property lawfully or unlawfully, and in our opinion such an allegation is immaterial, it being possible that one holding property unlawfully could be the victim of a robbery. *State v. Pokini* (1961), 45 Haw. 295, 367 P. 2d 499; *State v. Wales* (1929), 168 La. 322, 122 So. 52.

The evidence, so far as putting the person in fear and taking the property from such person, would be the same in either instance. To us the amendment permitted by the court in this case comes clearly within Burns' § 9-1133 and is one of form and not substance and the defendant was not harmed thereby.

Under *Dixon v. State* (1945), 223 Ind. 521, 62 N. E. 2d 629, a reswearing of the original affiant is not required in the case of such technical or minor amendments, even though the trial has begun. In the case before us the trial had not yet started.

The appellant further urges the court to reverse the conviction for the alleged reason that the verdict of the jury was not sustained by sufficient evidence. To support this allegation the appellant states: ". . . upon the trial of this cause there was no evidence which proved and established nor supported a reasonable inference of the alleged fact that *this* appellant, Milton Smith, forcibly by violence, took $2,000 from Jerome

Patsinger, and particularly no evidence that he took any money from the person of Jerome Patsinger."

The evidence shows that on December 22, 1965, three men came into Oscar's Loan Office, Inc., a corporation located at 356 Indiana Avenue, Indianapolis, Indiana, which was operated by Jerome Patsinger. One of the men asked to see a ring that had been shown him the previous day. Patsinger got the ring from the safe and as he turned around he was confronted by one of the men holding a .45 caliber pistol. The man with the gun and his two companions marched Patsinger and the other customers of the store to the back of the storeroom and told them to lie face down. The two companions, of which Smith was identified as one, each had a gun. After Patsinger was taken to the back of the store the men took his ring and wallet and then made him lie down on the floor. The employees were told to lay on the floor for a few minutes, which they did, then the police were notified. Patsinger testified that the drawers in the cash register were open; the drawers in the Loan Department which contained checks were open; the layaway safe was open; and the pawn safe was open. Upon examining the entire store, Patsinger estimated about $2200 and between one hundred and fifty to two hundred pieces of jewelry (rings, watches and merchandise) were missing.

In response to reliable information that was given them, on December 22, 1965, about 3:35 p.m., police went to an apartment located at 2243 North Park Avenue in Indianapolis. The lessee of the apartment had given the police permission to enter. The police, upon entering the apartment, advised the occupants that they were under arrest for the robbery of Oscar's Loan Office. Upon searching the premises the policemen stated they found money, silver coins, rings and watches. Appellant was arrested and later identified from a police lineup by Mr. Patsinger as one of the men who entered Oscar's Loan Office, December 22, 1965, armed with a gun.

The above evidence is sufficient to convict the appellant of robbery. Entering a business premises with a gun, forcing the employees to lie on the floor, and taking items ■ ■ from the store is enough evidence to sustain a conviction for robbery. It is not necessary to sustain a conviction for robbery that the property be taken from the actual person of another. It is sufficient if the property taken is from the personal presence or personal protection of the victim. *Mahoney v. State* (1932), 203 Ind. 421, 180 N. E. 580; *Chizum v. State* (1932), 203 Ind. 450, 180 N. E. 674.

The judgment of the trial court is affirmed.

Hunter and Givan, JJ., concur.

DeBruler, C. J., dissents with opinion, in which Jackson, J., concurs.

### DISSENTING OPINION

DeBruler, C. J.—The original affidavit in this case charges the commission of robbery and reads in part as follows:

". . . which property the said JEROME PATSINER [sic] then and there *unlawfully* held in his possession and was then and there the property of OSCAR'S LOAN OFFICE, INC. . . ." (Emphasis added.)

Just before the start of the trial the State orally moved to amend the affidavit to change "unlawfully" to "lawfully". The trial court granted the motion over the appellant's objection. The affidavit was not re-sworn after the amendment.

The majority opinion holds that the amendment was for a defect in form only and under Burns' Ind. Ann. Stat. §9-1133 could be made at any time without re-swearing. Burns' § 9-1133, *supra*, says:

"The court may at any time before, during or after the trial amend the indictment or affidavit in respect to any defect,

imperfection or omission in form, provided no change is made in the name or identity of the defendant or defendants or of the crime sought to be charged."

Even if the amendment be considered as one for a defect of form, the majority opinion ignores the plain language of Burns' Ind. Stat. Ann. § 9-1124, which says:

"The affidavit may be amended in matter of substance *or* form at any time before the defendant pleads. *When the affidavit is amended it shall be sworn to.* No amendment of the affidavit shall cause any delay of the trial, unless for good cause shown." (Emphasis added.)

This is a clear statutory command that an amendment of an affidavit for a defect of either form *or* substance must be re-sworn. Burns' § 9-1133, *supra,* does not affect that requirement. It does allow amendments for defects of form to be made after the defendant pleads, but it does not change the requirement that any amendment of an affidavit must be sworn to. To the extent that *Dixon v. State* (1945), 223 Ind. 521, 62 N. E. 2d 629 does not require compliance with that statute I would overrule it.

Jackson, J., concurs.

NOTE.—Reported in 246 N. E. 2d 765.