CHARLES HUMPHREY *v.* STATE OF INDIANA.

[No. 877S625. Filed June 27, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, for appellant.

*Theodore L. Sendak,* Attorney General, for appellee.

GIVAN, C.J.—The appellant was convicted of armed robbery pursuant to IC § 35-12-1-1 [Burns 1975], and was sentenced to 25 years imprisonment.

The appellant alleges that the trial court erred in overruling his timely motion for directed verdict of acquittal. The court permitted the State to amend its information to change the name of the owner of the stolen property from "Union Prescription Center of Indianapolis, Inc." to its official corporate name, "B. H. L., Incorporated." The appellant argues that this was a material alteration of the information which is proscribed by IC § 35-3.1-1-5 (e). That statute states *inter alia,* an "information shall not be amended in any respect which changes the theory or theories of the prosecution as originally stated, or changes the identity of the crime charged . . . ." Appellant takes the position the evidence is insufficient to show robbery of "Union Prescription Center of Indianapolis, Inc." The appellant rested on the record at the close of the State's case in chief and unsuccessfully moved for a directed verdict of acquittal.

IC § 35-3.1-1-5 (a) (9) and (c) permit a prosecutor to amend an information if the defect is not material and the amendment would not substantially prejudice the defendant's rights. A defect is material only if the prosecutor's amendment affects the availability of a defense or the applicability of evidence which existed under the original information. *Johnson* v. *State,* (1972) 258 Ind. 383, 281 N.E.2d 473; *Smith* v. *State,* (1969) 252 Ind. 148, 246 N.E.2d 765; *Kaufman* v. *Gould,* (1951) 229 Ind. 288, 98 N.E.2d 184.

The record shows that Union Prescription Center was a small business corporation officially chartered under the name of B. H. L., Incorporated. These initials were those of the original investors of the pharmacy. The State's amendment was therefore merely one of form and not one of substance. It did not deprive the appellant of any defense nor applicable evidence which he enjoyed under

the original charge. The trial court did not err in permitting the State to amend the original information.

A directed verdict is proper only where there is a total lack of evidence on an essential element of the crime or where the evidence is susceptible to only one inference in favor of the accused. *Carroll* v. *State,* (1975) 263 Ind. 696, 338 N.E.2d 264; *Birkla* v. *State,* (1975) 263 Ind. 37, 323 N.E.2d 645. The State offered evidence that appellant and another man entered the pharmacy, forced the employees to lie on the floor at gunpoint and absconded with approximately Four Hundred Seventeen Dollars ($417.00) of the pharmacy's money. There was clearly sufficient evidence to submit to the jury for a determination as to whether the appellant was guilty of robbery while armed with a dangerous or deadly weapon. *Pulliam* v. *State,* (1976) 264 Ind. 381, 345 N.E.2d 229. The trial court properly overruled appellant's motion for a directed verdict of acquittal.

The trial court is in all respects affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 377 N.E.2d 631.