**Wyvonia CARSON, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 1–478A102.**

Court of Appeals of Indiana, First District.

Jan. 16, 1979.

Bobby Jay Small, Indianapolis, Daniel W. Meehan, Cincinnati, Ohio, for appellant.

Theo. L. Sendak, Atty. Gen., Victoria R. Van Duren, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Defendant-appellant Wyvonia Carson (Carson) appeals her conviction of cruelty and neglect of children[1] based on the following issues:

(1) Whether the trial court erred in allowing the State to amend the information during *voir dire.*

(2) Whether or not the trial court erred in denying defendant's Motion to Dismiss the amended information.

(3) Whether the trial court erred in failing to exclude certain photographs not disclosed as required by a pre-trial discovery order.

Because of our disposition of the first issue, we need not address the other allegations of error.

The original information charged the following:

". . . did unlawfully, feloniously and wilfully *abuse* said child in that she severely beat said child about the shoulders and back . . ." (Our emphasis).

On the day of trial, during voir dire examination, the State moved to amend the information by substituting the words "be cruel to" in place of "abuse". The trial court allowed such amendment over Carson's objection and motion to dismiss. Carson contends that this amendment was a material alteration which prejudiced her substantial rights. Therefore, it is argued that the trial court should have either not allowed the amendment or, alternatively, granted defendant's motion to dismiss. The State responds that the original information adequately identified the specific illegal act with which defendant was charged, and, therefore, exhibits no element of surprise and no prejudice to the defendant.

The circumstances under which an information may be amended are delineated in Indiana Code 35–3.1–1–5 (Supp.1977):

"Amendment of charge.—(a) An indictment or information which charges the commission of a crime shall not be dismissed but may be amended on motion by the prosecutor at any time because of any immaterial defect, including:

(1) Any miswriting, misspelling or grammatical error;

(2) Any misjoinder of parties defendant or crimes charged;

(3) The presence or absence of any unnecessary or repugnant allegation;

(4) The failure to negative any exception, any excuse or proviso contained in the statute defining the crime;

(5) The use of alternative or disjunctive allegations as to the acts, means, intents or results charged;

(6) Any mistake in the name of the court or county in the title of the action, or the statutory provision alleged to have been violated;

(7) The failure to state the time or place at which the crime was committed where time or place is not of the essence of the crime;

(8) The failure to state an amount of value or price of any matter where such value or price is not of the essence of the crime;

---

1. Ind.Code 35–14–1–4. Repealed by Acts 1976, P.L. 148, § 24, effective October 1, 1977.

(9) Any other defect which does not prejudice the substantial rights of the defendant.

(b) The indictment or information may be amended in matters of substance or form by the prosecutor upon giving notice to the defendant and with the consent of the court, at any time before arraignment. When the information or indictment is amended, it shall be signed by the prosecuting attorney.

(c) Upon motion of the prosecutor the court [may] at any time before, during or after the trial permit an amendment to the indictment or information in respect to any defect, imperfection or omission in form which does not prejudice the substantial rights of the defendant.

(d) Before amendment of any indictment or information other than amendment as provided in subsection (b) of this section, the court shall give all parties adequate notice of the intended amendment and an opportunity to be heard. Upon permitting such amendment, the court shall, upon motion by the defendant, order any adjournment or postponement of the proceedings which may, by reason of such amendment, be necessary to accord the defendant adequate opportunity to prepare his defense.

(e) Notwithstanding any other provision in this section, *an indictment or information shall not be amended in any respect which changes the theory or theories of the prosecution as originally stated, or changes the identity of the crime charged;* nor may an indictment or information be amended after arraignment for the purpose of curing a failure to charge or state a crime or legal insufficiency of the factual allegations. [IC 1971, 35–3.1–1–5, as added by Acts 1973, P.L. 325, § 3, p. 1750.]" (Our emphasis.)

Before deciding whether an amendment was proper, we must determine whether the change was one of form or substance. The rule for making this determination was expressed in *State ex rel. Kaufman v. Gould,* (1951) 229 Ind. 288, 98 N.E.2d 184:

". . . If the defense under the affidavit as it originally stood would be equally available after the amendment is made, and if any evidence the accused might have would be equally applicable to the affidavit in the one form as in the other, then the amendment is one of form and not of substance. . . ." 229 Ind. at 291, 98 N.E.2d at 185.

*Accord: Henry v. State* (1978), Ind., 379 N.E.2d 132; *Humphrey v. State* (1978), Ind., 377 N.E.2d 631; *Smith v. State* (1969), 252 Ind. 148, 246 N.E.2d 765.

Therefore, in order to allow an amendment, the crime charged must be the same before and after the amendment.

■ The acts constituting abuse, abandonment, and cruelty and neglect of children are provided for in IC 35–14–1–2.[2] The elements of abuse and cruelty, which are pertinent to the determination of the issue before us are as follows:

"Abuse of a child shall consist in any of the following acts: (a) disposing of the custody of a child contrary to law; (b) employing or permitting a child to be employed in any vocation or employment injurious to its health or dangerous to its life or limb, or contrary to the laws of this state; (c) employing or permitting a child to be employed in any occupation, employment or vocation dangerous to the morals of such child; (d) the habitual use by the parent or by a person having the custody and control of a child, in the hearing of such child, of profane, indecent or obscene language; (e) the performing of any indecent, immoral or unlawful act or deed, in the presence of a child, that may tend to debauch or endanger or degrade the morals of the child, or (f) permitting or allowing any other person to perform any indecent, immoral or unlawful act in the presence of the child that may tend to debauch or endanger the morals of such child.

\* \* \* \* \* \*

Cruelty to a child shall consist in any of the following acts: (a) inflicting unneces-

2. Repealed by Acts 1976, P.L. 148, § 24, effective October 1, 1977.

sarily severe corporal punishment upon a child; (b) inflicting upon a child unnecessary suffering or pain, either mental or physical; (c) habitually tormenting, vexing or afflicting a child; (d) any wilful act or omission or commission whereby unnecessary pain and suffering, whether mental or physical, is caused or permitted to be inflicted on a child; (e) or exposing a child to unnecessary hardship, fatigue or mental or physical strains that may tend to injure the health or physical or moral well-being of such child."

Clearly, completely different acts and elements are required to be proven for the offenses of abuse and cruelty. Therefore, we cannot say that the change in the information from "abuse" to "be cruel to" is immaterial. It is a change in substance rather than form. The fact that a specific illegal act—the beating of the child—was described does not provide a satisfactory remedy; the defensive posture would not be the same since a defendant would necessarily proceed under different theories. This conclusion is underscored by the State's reasoning for requesting the amendment: that the allegation of severe beating would not be included within the definition of "abuse" but would under the definition of cruelty. To allow such amendment would be in diametric opposition to the proscription stated by IC 35–3.1–1–5(e), which specifically prohibits any amendment which changes the theory or theories or the identity of the crime charged, and would substantially prejudice the rights of Carson.

Having found that the amendment in the case at bar was a material and substantial alteration, we reverse and remand for a new trial.

Reversed and remanded.

LYBROOK, P. J., and LOWDERMILK, J., concur.