**George Roger DUVALL, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1279S360.

Supreme Court of Indiana.

Feb. 4, 1981.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., John K. Silk, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of two counts of robbery, while armed, a Class B Felony. He was sentenced to two ten-year terms of imprisonment to run consecutively.

On May 8, 1978, the Hooks Pharmacy in Southport was robbed. Two males entered the store and took money from the cashier and from a customer. There was evidence that the appellant was one of these men and that he carried a hand gun during the robbery.

Appellant claims that the in-court identifications by three witnesses were tainted by improper and suggestive pretrial identification, thereby denying him a fair and impartial trial. The record discloses he failed to object during the trial to the identification testimony given by any one of the three witnesses. Therefore, appellant has not preserved the issue for review. *Drake v. State*, (1979) Ind., 397 N.E.2d 600.

Appellant next claims there is insufficient evidence on the issue of identity. This argument was predicated on the fact that appellant testified that he knew nothing about the robbery, although the cashier, the pharmacist, and a customer made in-court identifications. When there is a conflict in the testimony, the jury is free to believe whomever they wish. *Ward v. State*, (1973) 260 Ind. 217, 294 N.E.2d 796. This Court will not weigh the evidence nor judge the credibility of the witnesses. *Brown v. State*, (1977) 266 Ind. 82, 360 N.E.2d 830. The record contains ample evidence to support the finding of the jury that appellant had been identified as a perpetrator of the crime.

Appellant next claims there is insufficient evidence to support the charge that he was armed with a deadly weapon. Although one witness described the weapon as a revolver, and another as an automatic, all

three witnesses testified they saw a gun. Two witnesses during cross-examination by appellant conceded that the weapon could have been a replica. No weapon was introduced in evidence by the State. In *Brown v. State, supra,* we held that it is not necessary to introduce a weapon into evidence to prove use of a deadly weapon. There is ample evidence in the record from which the jury could reasonably find that appellant was armed with a deadly weapon.

■ Appellant claims the State failed to prove that he took money from the person or presence of the cashier as stated in the information. However, the cashier testified that while appellant held a gun, his comrade took money from the cash register. She further testified she saw the appellant take money from the customer's billfold. In *Smith v. State,* (1969) 252 Ind. 148, 246 N.E.2d 765, we affirmed a conviction of robbery where the employees of the store were taken to the back of the store room, forced to lie face down, and after the appellant fled, found that $2200 and between 150 and 200 pieces of jewelry were missing. In *Smith, supra,* 252 Ind. at 153, 246 N.E.2d at 767, this Court stated:

> "It is not necessary to sustain a conviction for robbery that the property taken is from the actual person of another. It is sufficient if the property taken is from the personal presence or personal protection of the victim. *Mahoney v. State,* (1932) 203 Ind. 421, 180 N.E. 580; *Chizum v. State,* (1932) 203 Ind. 450, 180 N.E. 674."

There is ample evidence in this record to support the finding that appellant took money from the cashier and from a customer in the establishment.

■ Appellant claims the trial court erred in consecutively sentencing him to two ten-year terms for two counts of robbery. He argues that the crimes occurred during one criminal undertaking and constitute one unitary transaction, not two separate offenses.

Appellant correctly cites *Williams v. State,* (1979) Ind., 395 N.E.2d 239 for the

proposition that an unlawful taking from four tellers in one bank, during one robbery constituted a single count of robbery. However, the case at bar is distinguishable from *Williams, supra.* In this case, appellant took money from the pharmacy and from its customer. In *McKinley v. State,* (1980) Ind., 400 N.E.2d 1378, this Court held that robbing a pharmacy of its receipts and the proprietor of the pharmacy of his personal belongings did not constitute a unitary transaction, but constituted two separate robberies. Applying the *McKinley* case to the case at bar, we find no error in convicting appellant of two counts of robbery. The consecutive sentences are permitted by I.C. 35–50–1–2.

The trial court is in all things affirmed.

All Justices concur.