Reginald BELCHER, Appellant,

v.

STATE of Indiana, Appellee.

No. 782S270.

Supreme Court of Indiana.

Sept. 15, 1983.

Reginald B. Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Reginald Belcher was convicted by a jury in the Marion Superior Court of criminal trespass, a class A misdemeanor, and theft, a class C felony. The jury further found Appellant to be a habitual criminal. The trial court subsequently sentenced Appellant to imprisonment terms of one year on the criminal trespass conviction and four years on the theft conviction. Appellant's theft sentence was enhanced by thirty years imprisonment for being a habitual criminal. Appellant now directly appeals and raises the following nine issues:

1. sufficiency of the evidence;

2. alleged trial court error in permitting the State to amend its information by interlineation;

3. impeachment of a defense witness by showing prior criminal convictions;

4. denying Appellant's motion to amend the verdict forms;

5. granting State's motion *in limine;*

6. denying Appellant's motion for a continuance made during the last pretrial conference;

7. alleged irregularity in the method by which the jury was impaneled;

8. alleged improper sentencing; and

9. alleged error in admission of State's Exhibits 7, 8, and 9.

The facts show that on August 9, 1981, Appellant was observed by Russell Marcum and Michael Carie carrying furniture and other things out of a building owned by Arthur Graf and putting them into Appellant's red pickup truck. Arthur Graf testified that the property in question previously had been inside of his building and that he did not give Appellant or anyone else permission to remove it. Appellant's defense was that the items in question were not in Graf's building but were in the alley adjacent to Graf's building. Appellant claims that he assumed the property was abandoned.

I

Appellant first claims that there was insufficient evidence to find him guilty of theft and criminal trespass. His argument is based solely on a conflict in the evidence between the State's witnesses and his one witness. Appellant's witness claimed that the property of which Appellant took possession was abandoned in the alley adjacent to Graf's building while State's witnesses Marcum and Carie stated that they saw Appellant removing the property from inside Graf's building. Appellant attacks the credibility of Marcum and Carie because their testimonies indicate some animosity between Marcum and Appellant. Appellant would have us discount these testimonies entirely. The weighing of the evidence and the determination of the credibility of the witnesses is, as Appellant concedes, within

the province of the jury and not within the province of this Court on appeal. Since there was evidence before the jury from which it could reasonably find or infer beyond a reasonable doubt that Appellant did, in fact, commit these crimes, we will not disturb the jury's judgment. *Dixon v. State,* (1982) Ind., 437 N.E.2d 1318.

## II

Appellant next claims that the trial court erred by granting the State's "Motion to Amend the Information by Interlineation" over Appellant's objection. After the jury was sworn, the trial court granted the State's request to amend the charging information by substituting "Arthur Graf" for "Agricultural Credit Inc." as the named owner of the property in issue. Appellant concedes that an information may be amended at any time provided the amendment does not prejudice the substantial rights of the defendant. *Gilmore v. State,* (1981) Ind., 415 N.E.2d 70; *Morris v. State,* (1980) Ind., 406 N.E.2d 1187. Appellant does not show, however, how his substantial rights were prejudiced by the State's amendment. His only claim is that he did not have sufficient time to investigate the new allegations and to structure his defense accordingly. Notwithstanding Appellant's claim, it appears that his defense was not based on the identity of the owner as between Agricultural Credit Inc. and Arthur Graf. In fact, it appears that Appellant was aware that Arthur Graf was the owner of the property long before this motion to amend was made. Appellant's defense was based solely on his contention that he did not remove property from inside of any building but rather picked it up in an alley where it had been abandoned. This Court has stated the standard for making the distinction between an amendment involving substance and an amendment involving form as follows:

"The rule as to whether an amendment is as to substance or form can be stated thus: If the defense under the affidavit as it originally stood would be equally available after the amendment is made, and if any evidence the accused might have would be equally applicable to the affidavit in the one form as in the other, then the amendment is one of form and not of substance."

*State ex rel. Kaufman v. Gould,* (1951) 229 Ind. 288, 291, 98 N.E.2d 184, 185; *see also Henderson v. State,* (1980) Ind., 403 N.E.2d 1088; *Humphrey v. State,* (1978) 268 Ind. 597, 377 N.E.2d 631. Appellant's reliance on *Griffin v. State,* (1982) Ind., 439 N.E.2d 160, is misplaced. In *Griffin,* the original informations properly named the people from whom the stolen property was taken and generally described said property. The informations were subsequently amended to contain no description whatever of the stolen property or of the identity of the rightful owners of that property. The amended information accordingly was found to be totally inadequate to describe the crime for which Griffin was charged and convicted. In *Griffin,* the conviction on the amended information was ordered set aside and all charges were dismissed. The disability found in *Griffin* does not exist with respect to the amended information in the instant case. Although the identity of the owner was changed in the amended information, the change was not pertinent to the defense. No reversible error is presented on this issue.

## III

Appellant next contends that the trial court erred by allowing the State to impeach the credibility of defense witness Janet Treadwell by showing that she previously had been convicted of prostitution. Treadwell testified that the furniture items in question were taken from the alley where they had been abandoned and not from inside the building as witness Marcum and others testified for the State. When cross-examined by the defense, witness Marcum indicated some animosity between himself and Appellant. Specifically, Marcum testified about an altercation between Marcum and Appellant during which Appellant allegedly drew a knife on Marcum. The altercation pertained to Appellant having his "hooker" hang out on the corner

near Marcum's residence and Marcum's attempt to have Appellant remove her. When Treadwell testified for the defense, the State attempted to ascertain from Treadwell how well she knew Appellant and what her relation with him had been. The State sought to show, and finally did show, that Treadwell was the girl involved in Appellant's altercation with Marcum. In pursuing this subject, Treadwell was asked if she had been involved in prostitution. She intimated that she had been. Later in the questioning and when Treadwell was specifically asked if she previously had been convicted of prostitution, Appellant finally objected. Treadwell subsequently also admitted that she previously had been convicted of criminal conversion, if not in fact theft. The State concedes that the cross-examination of Treadwell regarding her involvement in and conviction for prostitution did not come within the ambit of *Ashton v. Anderson,* (1972) 258 Ind. 51, 279 N.E.2d 210. The State claims, however, that Treadwell's testimony regarding prostitution was presented for the purpose of showing Treadwell's relationship to Appellant and her proclivity to testify in his behalf. This was particularly relevant since the defense had already attacked Marcum on the very incident that Treadwell was examined about. We note that the ultimate question asked of Treadwell by the State in cross-examination was:

"And, isn't it a fact that when you were in the area of 21st and Pennsylvania you were with Reginald Belcher, for the precise purpose of going out and working as a prostitute?"

The purpose of offering this evidence during cross-examination, therefore, was not simply to show Treadwell's prior convictions so as to affect her credibility but rather was to show the relationship between these people and Treadwell's interest in the outcome of this case. This was a legitimate area for cross-examination and the trial court properly permitted it. Moreover, previous questions regarding Treadwell's activities as a prostitute had already been asked and answered. Only one objection was ever raised and that objection was a general one stating no specific grounds. The State's position is well taken that under the instant circumstances, Appellant waived his first opportunity to preserve this issue for appeal and therefore was not in a position to object to later questions on the same subject. *Brown v. State,* (1981) Ind., 417 N.E.2d 333; *Tinnin v. State,* (1981) Ind., 416 N.E.2d 116. We do not find that the trial judge abused his discretion by controlling the scope of this cross-examination in view of the manner in which this evidence came in.

IV

■ After the jury had retired to deliberate, Appellant petitioned the trial court to amend the verdict forms furnished to the jury. The verdict forms were for theft, criminal conversion, burglary and criminal trespass. Appellant argued that the verdict forms created the impression that Appellant was charged with four different crimes thereby confusing the jury. Appellant urged the trial court to amend the forms to explain which of the charges were lesser included offenses of the others. Appellant relied upon Ind.Code § 35–1–35–1 (Burns 1979) [Repealed effective September 1, 1982] which states:

"Fifth. . . . In charging the jury the court must state to them all matters of law which are necessary for their information in giving their verdict."

The record in this case shows that in its final instructions, the trial court instructed the jury as to all of the charges and indicated to them that criminal trespass was a lesser included offense of burglary and that criminal conversion was a lesser included offense of theft. The jury did, in fact, ultimately return a verdict finding Appellant guilty of criminal trespass; he was found not guilty of burglary. The jury also found Appellant guilty of theft, but did not find him guilty of criminal conversion. The jury was adequately instructed as to the verdicts and indicated their understanding of them by the manner in which they responded. There is no error on this issue.

## V

The trial court granted the State's motion *in limine* requiring that the penalty for being adjudged a habitual criminal not be revealed to the jury. Appellant now contends that the trial court erred by not permitting the jury to know that the mandatory sentence for being found a habitual criminal is thirty years. This issue already has been decided by this Court adverse to Appellant's position. *Griffin v. State,* (1981) Ind., 415 N.E.2d 60; *Comstock v. State,* (1980) Ind., 406 N.E.2d 1164; *Craig v. State,* (1979) Ind., 398 N.E.2d 658.

## VI

Appellant next contends that the trial court abused its discretion by refusing to grant him the continuance he requested during a pre-trial conference on November 18, 1981. The continuance was requested for the purpose of finding witness Ivory Joe Hall. The trial court denied the continuance but ordered the State to assist Appellant in locating witness Hall. On November 23, 1981, Appellant filed his list of witnesses which included: "Ivory Joe Hall, 1632 Warman Street, Indianapolis, Indiana." Appellant made no objection whatsoever to the commencement of his trial on November 23rd. Although Appellant did not call Hall as a witness in his defense, he now claims that Hall was not called because he was never located. This allegation never was made to the trial court at the time of trial nor did Appellant comply with Ind. Code § 35-1-26-1 (Burns 1979) [Repealed effective September 1, 1982] which requires that a motion for continuance based on the absence of evidence be accompanied by an affidavit showing the materiality of the evidence missing but expected to be obtained and the party's due diligence in attempting to obtain it. No affidavit pursuant to Ind.Code § 35-1-26-1 was filed either at the pre-trial conference or during trial. The granting of a motion for continuance based on non-statutory grounds is within the discretion of the trial court and a denial of that continuance motion will be set aside only when an abuse of that discretion can

be shown. *Brewer v. State,* (1981) Ind., 417 N.E.2d 889, *cert. denied* (1982) —— U.S. ——, 102 S.Ct. 3510, 73 L.Ed.2d 1384; *Whitacre v. State,* (1980) Ind., 412 N.E.2d 1202; *Johnson v. State,* (1979) 271 Ind. 145, 390 N.E.2d 1005, *cert. denied* 444 U.S. 944, 100 S.Ct. 302, 62 L.Ed.2d 312. There is no showing that the trial court abused its discretion by denying Appellant's November 18th continuance motion and no prejudice is shown by Appellant regarding this action.

## VII

Appellant also contends that the trial court erroneously handled the jury's selection. Specifically, Appellant claims that after the parties had made their peremptory challenges, the trial court did not move the passed alternate jurors into the challenged jurors' seats. Apparently the trial court called additional prospective jurors to fill these vacancies and continued to follow this procedure until Appellant had exhausted all of his challenges and the jury was accepted. Appellant now claims that because of this procedure, he was not permitted to fully question or challenge the last few jurors seated. The record shows, however, that Appellant made no objection whatever to the procedure used by the trial court to select the jury. Furthermore, Appellant made no objection during the *voir dire* examination, made at least one peremptory challenge during the selection process and accepted the jury without making any objection as to the manner in which the jury had been chosen. Appellant accordingly waived this issue.

## VIII

Appellant contends that the trial court erred by entering judgments and imposing sentences for both criminal trespass and theft since, pursuant to the facts of this case, they were the same crime. To be guilty of criminal trespass pursuant to Ind. Code § 35-43-2-2(a)(4) (Burns 1979), it must be shown that one "[k]nowingly or intentionally interferes with the possession or use of the property of another person without his consent." To be found guilty of

theft pursuant to Ind.Code § 35–43–4–2(a) (Burns Supp.1982), it must be shown that one "knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use." Appellant argues that the incriminating evidence presented here shows that Appellant removed property from a building and that the same property is referred to in both the criminal trespass and theft charges. The State argues that Appellant himself invited his situation when he specifically asked for and received final instructions by the trial court which instructed the jury that criminal trespass goes towards the principal charge of burglary and that criminal conversion goes towards the principal charge of theft. Although this is true, Appellant is correct in his position that in this case convictions and sentences cannot stand for both theft and criminal trespass. Under the facts of this case, we find that criminal trespass was a lesser included offense of theft. *See generally Gregory v. State,* (1980) Ind., 412 N.E.2d 744; *Elmore v. State,* (1978) 269 Ind. 532, 382 N.E.2d 893. The conviction for criminal trespass and the sentence imposed thereon must therefore be set aside.

### IX

Appellant finally claims that the trial court erred by admitting State's Exhibits 7, 8 and 9 into evidence when no sufficient foundation had been laid to exclude them from the rule against hearsay. Exhibits 7, 8 and 9 were Indianapolis Police Department arrest records entered into evidence through State's witness Officer Schachte. Officer Schachte testified that he was the keeper of the records. Appellant's complaint is that Schachte did not testify that the people whose signatures appeared on these documents were authorized to place the information on them or that those people had personal knowledge of the transactions therein represented at the time of the entry. The State correctly points out that in regard to the business records exception to the hearsay rule, the sponsor of an exhibit offered under this exception need not have personally made it, filed it, or had firsthand knowledge of the transaction represented by it. Such a person need only show that the exhibit was part of certain records kept in the routine course of business and placed in the records by one who was authorized to do so and who had personal knowledge of the transaction represented at the time of the entry. Schachte did testify as to who the original entrants or makers of the documents were and as to their respective positions within the police department at the time the documents were made and at the time of trial. Accordingly, the exhibits were properly admitted. *Pitts v. State,* (1982) Ind., 439 N.E.2d 1140; *McConnell v. State,* (1982) Ind., 436 N.E.2d 1097; *Morris v. State,* (1980) Ind., 406 N.E.2d 1187.

This cause is remanded to the trial court with instructions to the trial court to set aside Appellant's conviction and sentence for criminal trespass. The trial court is in all other respects affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PRENTICE, JJ., concur.