v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9605–JV–278.

Court of Appeals of Indiana.

March 25, 1997.

Annette Fancher Sheldon, Indianapolis, for Appellant–Defendant.

Pamela Carter, Attorney General, Suzann Weber Lupton, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

SHARPNACK, Chief Judge.

L.H. appeals the revocation of his suspended commitment as a delinquent child. L.H. raises two issues for our review which we restate as:

1) whether his right to confront witnesses was violated; and

2) whether the State provided a sufficient evidentiary foundation to admit a school report.

We affirm.

The facts most favorable to the judgment follow. On June 19, 1995, the State filed an information which alleged L.H., who was fourteen, to be a delinquent child for committing attempted burglary, a class C felony when committed by an adult. On August 23, 1995, pursuant to a plea agreement, L.H. pleaded guilty to trespass, a class A misdemeanor when committed by an adult. Thereafter, the juvenile court magistrate placed L.H. on suspended commitment.

On December 13, 1995, the State filed an information which alleged that L.H. violated the conditions of his suspended commitment by failing to attend school. On January 30, 1996, the magistrate conducted a hearing on the information. During the hearing, the State admitted an exhibit over the defense's objection. The exhibit contained a school report which indicated that L.H. had numerous unexcused absences from school. In addition, the exhibit included the affidavit of Gerald Swinford, the custodian of the school report.

The magistrate determined that L.H. violated the conditions of his suspended commitment by failing to attend school. The magistrate then recommended that L.H. be committed to the Indiana Boys' School for a minimum term of six months. The juvenile court judge later adopted the magistrate's recommendation and entered a dispositional order. L.H. now appeals the revocation of his suspended commitment.

I.

The first issue raised for our review is whether L.H.'s right to confront witnesses was violated. L.H. argues that the admission of the school report "as the State's *sole* evidence violates [L.H.'s] right." Appellant's brief, p. 9 (original emphasis). We disagree.

At the outset we note that L.H. objected during the hearing to the admission of the school report, arguing that report contained hearsay statements and that its admission violated his right of confrontation. However, on appeal, L.H. admits that although the school report contains hearsay statements, it "could have fallen within a firmly rooted exception to the hearsay rule: the business records exception of the Indiana Rules of Evidence...." Appellant's brief, p. 10.

The hearsay exception for records of regularly conducted business is governed by Ind. Evidence Rule 803(6), which provides:

"A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony or affidavit of the custodian or other qualified witness, unless the source of information or the method or circumstance of preparation indicate a lack of trustworthiness. The term 'business' as used in this Rule includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."

Because L.H. concedes that the school report falls within this hearsay exception, we will proceed to his constitutional challenge that the admission of the school report violated his right of confrontation.

■ The confrontation clause of the Sixth Amendment, made applicable to the states through the Fourteenth Amendment, provides in part, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him...." U.S. CONST. amend. VI; *see* IND. CONST. art. I, § 13. The primary interest secured by the confrontation clause is to insure that the defendant has the opportunity to cross-examine the witnesses against him. *Gardner v. State*, 641 N.E.2d 641, 645 (Ind.Ct.App.1994).

■ Although the accused has the right to cross-examine witnesses, exceptions to the hearsay exclusionary rule are not *per se* consistent with this right. *Brady v. State*, 575 N.E.2d 981, 987 (Ind.1991). Exceptions by which hearsay evidence may be lawfully admitted into evidence must also be separately tested to determine whether their application is violative of the right to confront witnesses. *Holmes v. State*, 671 N.E.2d 841, 859 (Ind. 1996), *reh'g denied*. To avoid a violation of the confrontation clause, the State must prove that the hearsay evidence bears adequate indicia of reliability. *Id.* "Reliability may be inferred if a statement falls within a firmly rooted hearsay exception or in the event the hearsay exception warrants admission, but if the exception fails to qualify as firmly rooted, the State must show 'particularized guarantees of trustworthiness' which include 'only circumstances surrounding the making of the statement and that render the declarant particularly worthy of belief.' " *Id.* (quoting *Idaho v. Wright*, 497 U.S. 805, 819, 110 S.Ct. 3139, 3148, 111 L.Ed.2d 638 (1990)).

■ Here, L.H. admits that the business records exception is "a firmly rooted exception to the hearsay rule." Appellant's brief, p. 10. Based upon L.H.'s admission alone, we can infer that the school report had adequate indicia of reliability. *See Holmes*, 671 N.E.2d at 859. Assuming *arguendo* that the business records exception is not a firmly rooted hearsay exception, we still find the school report was produced under circumstances which demonstrate that it is particularly worthy of belief. *See id.*

The school report is a computer printout of L.H.'s attendance record. The report lists the days in which L.H. had unexcused absences from school. A review of the report reveals that L.H.'s unexcused absences were excessive. Accompanying the school report, the State admitted the affidavit of Swinford, the custodian of the report. As indicated in Swinford's affidavit, the reports were made in the ordinary course of the school's business and, there was a duty to record them. Further, we find no indication of bias or prejudice within the school report. A cross-examination of Swinford would not have added appreciably to the reliability of the facts related, namely that L.H. had numerous unexcused absences.

Under the totality of the circumstances, the school report shows particular guarantees of trustworthiness. *See id.* Therefore, we hold that the admission of the school report did not violate L.H.'s right to confront witnesses. *See id.*

## II.

The final issue for our review is whether the State provided a sufficient evidentiary

foundation to admit the school report. L.H. argues that the report was inadmissible because it was not properly authenticated. We disagree.

■ The admissibility of a document is a matter within the trial court's discretion and will be reversed only upon a showing of an abuse of that discretion. *Lahr v. State*, 640 N.E.2d 756, 761 (Ind.Ct.App.1994), *trans. denied*. To establish the proper foundation for a document's admission, its authenticity must be shown. *Id.* When the evidence establishes a reasonable probability that the document is what it is claimed to be, the document is admissible. *Columbian Rope Co. v. Todd*, 631 N.E.2d 941, 945 (Ind.Ct.App.1994), *trans. dismissed.* The erroneous admission of evidence is not reversible unless it prejudices the complaining party. *Id.*

■ In certain instances, a document will be self-authenticating which relieves the proponent from submitting foundational evidence. *Coates v. State*, 650 N.E.2d 58, 62 (Ind.Ct.App.1995), *trans. denied.* The requirements for self-authentication are set out in Evid.R. 902, which provides in part:

"Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

\*    \*    \*    \*    \*    \*

(9) Certified domestic records of regularly conducted activity. Unless the source of information or the circumstances of preparation indicate a lack of trustworthiness, the original or a duplicate of a domestic record of regularly conducted activity within the scope of Rule 803(6), which the custodian thereof or another qualified person certifies under oath (i) was made at or near the time of the occurrence of the matters set forth, by or from information transmitted by, a person with knowledge of those matters, (ii) is kept in the course of the regularly conducted activity, and (iii) was made by the regularly conducted activity as a regular practice. A record so certified is not self-authenticating under this subsection unless the proponent makes an intention to offer it known to the adverse party and makes it available for inspection sufficiently in advance of its offer in evidence to provide the adverse party with a fair opportunity to challenge it."

In his brief, L.H. argues that the State failed to meet the foundational requirements of Evid.R. 902(9) when admitting the school report. L.H. has raised two separate challenges to the report's admission, which we will address in turn.

■ First, L.H. argues that Swinford, the custodian of the school report, did not have "knowledge of L.H.'s attendance at school." Appellant's brief, p. 7. L.H. contends that the State did not establish the requirement that the school report "was made ... by or from information transmitted by, a person with knowledge of those matters." Evid.R. 902(9).

The record reveals that the State admitted Swinford's affidavit along with the school report. In his affidavit, Swinford stated:

"1. My name is Gerald Swinford and I am the custodian/keeper of the attendance records at Broad Ripple High School located in Indianapolis, Marion County, Indiana. As such, I have personal knowledge that this record is the original or first permanent entry, was made in the ordinary course of business, was made at or near the time of the occurrence recorded, and there is a business duty to record them.

2. In response to a Request/Order concerning the school attendance of [L.H.], I have made or caused to be made a thorough search of all records available to me and the school and have made a true and complete reproduction of the original records that are kept at Broad Ripple. The original records were made at or near the time of the matter recorded and kept in the regular course of business."

Record, p. 84.

■ As indicated in the affidavit, Swinford did not affirmatively state that he had personal knowledge of the contents of the school report. However, the sponsor of an exhibit "need not have personally made it, filed it, or have first hand knowledge of the transaction represented by it." *Payne v. State*, 658 N.E.2d 635, 645 (Ind.Ct.App.1995) (quoting *Belcher v. State*, 453 N.E.2d 214, 219 (Ind.1983)), *trans. denied.* Instead, records kept in the usual course of business are presumed to have been placed there by those who have a duty to do so and have personal

knowledge of the transaction represented by the entry, unless there is a showing to the contrary. *Id.*

Here, Swinford stated in his affidavit that the school reports were "made in the ordinary course of business ... and there was a business duty to record them." Record, p. 84. Based on this statement, we presume that the information in the school report was placed there by someone with firsthand knowledge of L.H.'s attendance record. *See Payne*, 658 N.E.2d at 645. Because L.H. has failed to make a showing to overcome this presumption, we find that Swinford's affidavit sufficiently supported the school report. *See* Evid.R. 902(9).

Lastly, L.H. argues that the State did not provide him with sufficient notice that it intended to admit the school report. L.H. contends that the State failed to establish the foundational requirement that the school report was "available for inspection sufficiently in advance of its offer in evidence to provide the adverse party with a fair opportunity to challenge it." Evid.R. 902(9).

The record indicates that State informed L.H. about two and a half hours before the hearing that it intended to admit the school report. Although L.H. asserts that he did not have a fair opportunity to challenge the school report, he fails to demonstrate how the short notice affected his substantial rights. *See Carmichael v. Kroger Co.*, 654 N.E.2d 1188, 1190–1191 (Ind.Ct.App.1995) (holding that the complaining party cannot argue on appeal that she was denied the fair opportunity to challenge exhibits when she "has not shown how the short notice affected her substantial rights"), *trans. denied.* Therefore, L.H. has not shown that he was prejudiced by the short notice. *See Todd,* 631 N.E.2d at 945. Accordingly, we cannot say that the State's notice was insufficient. *See* Evid.R. 902(9).

For the foregoing reasons, the judgment is affirmed in all respects.

Affirmed.

HOFFMAN and BARTEAU, JJ., concur.