Willie DUMES, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–9901–CR–15.

Court of Appeals of Indiana.

Feb. 2, 2000.

Mark Small, Marion County Public Defender Agency, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Liisi Brien, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION ON REHEARING

ROBB, Judge

This case is before us on a petition for rehearing filed by the Appellee–Plaintiff, State of Indiana, requesting that this court reconsider its decision in *Dumes v. State*, 718 N.E.2d 1171 (Ind.Ct.App.1999). In our original opinion, we held that it was error for a trial court to admit driving records into evidence based solely on the prosecutor's certification because the prosecutor's office was not the appropriate entity to certify driving records as true and complete. We grant rehearing for the limited purpose of expanding upon our earlier decision.

In our original opinion, we held that certification of public records by the custodian of records is sufficient evidence that the records are what the sponsor purports them to be, and thus, there is no need for foundational testimony or the introduction of the "original document." *Dumes*, 718 N.E.2d at 1178. Furthermore, we held that the certification of public records must be made by the custodian of the records, and the BMV is the custodian of driving records. *Id.* The State argues that "[t]he Court provides no citation to authority for its proposition that only persons affiliated with the BMV may certify driving records on the Commissioner's behalf." Petition for Rehearing at 3. For at least two reasons, we stand by our earlier holding that driving records may not be introduced into evidence based solely on certification by the prosecutor's office that the record is true and complete.

First, public records such as driving records may be self-authenticated under either Trial Rule 44(A)(1), Evidence Rule 902, or Indiana Code section 34–37–1–8. Regardless of the self-authentication method used by a party, the documents must be attested as true and complete by the custodian of the records. The BMV is statutorily required to maintain an operating record for each person that has been licensed by the BMV to drive a motor vehicle. Ind.Code § 9–14–3–7(a). The BMV also is required to produce certified driving records upon a proper request and payment of a fee. Ind.Code § 9–14–3–7(d). Thus, the BMV and not the prosecutor's office is the custodian of driving records and the entity statutorily empowered and responsible for certifying these public records.

The State contends that "[t]he BMV provided written authorization for a paralegal from the prosecutor's office to certify driving records." Petition for Rehearing at 2. Moreover, the State argues that the BMV provided the prosecutor's office with a BMV stamp, and "[t]he stamp of the Commissioner of Bureau of Motor Vehicles with the signature of the paralegal, a BMV authorized certification deputy, was adequate certification of defendant's driving records." *Id.* at 3. We believe that the BMV cannot delegate their statutory authority to an entity unaffiliated with the BMV. Only individuals affiliated with the BMV may be "certification deputies," such as individuals employed by the BMV who act on behalf of the Commissioner of the BMV, the custodian of driving records.[1]

Second, the prosecutor's office was a party to the court proceeding in which it introduced the driving records it certified and authenticated as true and complete. The Indiana Supreme Court has stated that public records cannot be placed into evidence merely upon a party's

---

1. The facts in *Dumes* are distinguishable from the facts in our decision in *Coates v. State*, 650 N.E.2d 58 (Ind.Ct.App.1995), *trans. denied.* In *Coates*, it appears that the prosecutor's office obtained the defendant's driving records from the BMV. A BMV employee acting as a "certification deputy" on behalf of the Commissioner, retrieved the defendant's driving records from a BMV computer, printed the records, and certified it as true and complete. In *Dumes*, an employee of the prosecutor's office, a paralegal, obtained the defendant's driving record from the Internet, and utilized a BMV stamp to certify the document as true and compete.

offering a copy and claiming it is an accurate copy of the original. *Mott v. State,* 547 N.E.2d 261, 264 (Ind.1989). The rules of authentication address three concerns: 1) preventing a fraud upon the court; 2) preventing innocent mistakes; and 3) guarding against "jury credulity," the natural tendency to take matters at face value.

 When an item of evidence is offered as proof, its relevancy depends on a finding that it is what its sponsor purports it to be. Ind. Evidence Rule 901(a). Typically, a witness provides authenticating testimony or other evidence introduced at trial supports an inference sufficient for authentication. However, Indiana Evidence Rule 902 is an exception to the general requirement of authentication through a witness's testimony. Rule 902 provides that certain documents are self-authenticating, and thus, may be admitted without preliminary proof of genuineness. The rule relieves the tendering party of providing extrinsic proof of authenticity as a condition precedent to admissibility. Specifically, Rule 902(1) provides that extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the original or a duplicate of a domestic official record proved in the manner provided by Indiana Trial Rule 44(A)(1).

The State argues that the prosecutor's office has been properly deputized by the BMV to certify driving records as true and complete. However, the State misses the point that they are a party to the proceeding in which they have introduced driving records certified and authenticated by it as true and complete. Allowing a party to certify and authenticate documents which it is introducing into evidence effectively defeats the purposes of the authentication requirements imposed by our Trial Rules, the Rules of Evidence, and Indiana Statutes.

Subject to these clarifications, we reaffirm our earlier holding.

FRIEDLANDER, J., and RILEY, J., concur.