789 N.E.2d 961 (2003)
J.L., Appellant-Respondent,
v.
STATE of Indiana, Appellee-Petitioner.
No. 49A05-0208-JV-400.
Court of Appeals of Indiana.
April 28, 2003.
Publication Ordered June 3, 2003.
*962 Mark Small, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.
Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
BAILEY, Judge.

Case Summary
J.L., a minor, appeals from his adjudication as a delinquent child for violating Indiana's compulsory school attendance law.[1] The single issue presented is whether the trial court erred by admitting J.L.'s middle school attendance records under the business records exception to the hearsay rule. We affirm.

Facts and Procedural History
J.L. was absent from school on certain days in August to November of 2001, and the State filed a petition alleging that J.L. was a delinquent child due to truancy. The trial court held a denial hearing on August 12, 2002. During its case-in-chief, the State sought to admit Exhibit 1, J.L.'s middle school attendance records for the 2001-2002 school year. The records were accompanied by an affidavit of Ginger Arvin, who attested that she is the "custodian/keeper of attendance at Thomas Carr Howe MS[.]" Appellant's Br. at 2.[2] J.L. objected, asserting that "Ms. Arvin is, is not in fact the person who she claims to be *963 in this affidavit." (Tr. 6.) The trial court overruled the objection and admitted the attendance records.
After J.L. cross-examined Arvin, he renewed his objection without stating additional grounds. No formal ruling was entered, and the trial court adjudicated J.L. a delinquent child due to truancy. J.L. now appeals.

Discussion and Decision

A. Standard of Review
This case involves the admissibility of J.L.'s school attendance records to establish his truancy. Generally, the trial court has broad discretion in ruling on the admissibility of evidence. Jennings v. State, 723 N.E.2d 970, 972 (Ind.Ct.App. 2000). Foundational requirements to admissibility often require factual determinations by the trial court, and these findings are entitled to the same deference on appeal as any other factual finding, whether that is described as a clearly erroneous or an abuse of discretion standard. Stahl v. State, 686 N.E.2d 89, 91 (Ind.1997). Where the ultimate question involves interpretation of the language of a rule of evidence, however, the question is one of law for the reviewing court. Id.

B. Analysis
Hearsay is a statement, other than one made by the declarant while testifying at trial, offered to prove the truth of the matter asserted. Ground v. State, 702 N.E.2d 728, 730 (Ind.Ct.App.1998) (citing Ind. Evidence Rule 801(b)). Hearsay is inadmissible unless admitted under a recognized exception. Id. (citing Ind. Evidence Rule 802). Indiana Evidence Rule 803(6) permits admission of records of regularly conducted business activity provided that certain requirements are met. Id. Pursuant to Rule 803(6), the following are not excluded by the hearsay rule, even though the declarant is available as a witness:
A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony or affidavit of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. The term "business" as used in this Rule includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.
Evid. R. 803(6).
Here, J.L. concedes that the challenged evidence "appear[s] to be admissible" under the Rule. Appellant's Br. at 4. Nevertheless, he insists that Arvin was not the proper person to sponsor the records. He also claims that Arvin's affidavit is deficient for omitting a statement that the school regularly made attendance records.

1. Custodian or Other Qualified Witness
J.L. points out that, upon cross-examination, Arvin admitted that she did not work at the middle school and that she was not the actual custodian of its attendance records. According to J.L., that shortcoming renders Arvin's affidavit and his school attendance records untrustworthy. J.L. also insists that, because Arvin was not the custodian of the records, the documents were not properly authenticated.
Here, Arvin generated the attendance records from a computerized data-base. *964 Rule 803(6) applies to "data compilation, in any form," a broad enough category to include computer-stored records electronically printed on demand. Shively v. Shively, 680 N.E.2d 877, 880 (Ind.Ct.App.1997) (citation omitted). When data is stored on a computer, however, the term "custodian" takes on a new meaning.
In the context of public records, this Court has stated that the Bureau of Motor Vehicles is the "custodian" of driving records. Dumes v. State, 718 N.E.2d 1171, 1178 (Ind.Ct.App.1999), clarified on reh'g, 723 N.E.2d 460 (Ind.Ct.App.2000). Following that approach, Indianapolis Public Schools (IPS) is the actual custodian of J.L.'s attendance records. However, the school corporation acts through its agents, officers, and employees. See id. (stating that individuals employed by the Bureau of Motor Vehicles, acting on the Commissioner's behalf, may certify driving records). Arvin is such an agent.
Rule 803(6) permits the foundational requirements to be established by a "custodian or another qualified witness." Further, the proponent of an exhibit may authenticate it by calling a witness who has a functional understanding of the record keeping process of the business with respect to the specific entry, transaction or declaration contained in the document. Shepherd v. State, 690 N.E.2d 318, 329 (Ind.Ct.App.1997). The record shows that Arvin serves as an appointed attendance officer for IPS. As such, she is the "one that is officially in charge of keeping track of attendance records, for the school system." (Tr. 4.)
Arvin revealed her understanding of the school corporation's record keeping process, and no evidence suggests that J.L.'s school attendance record was compromised by that process. Even though Arvin did not have physical custody of the school's attendance records, she meets the test of "custodian or other qualified witness" under Rule 803(6). See L.H. v. State, 682 N.E.2d 795 (Ind.Ct.App.1997) (holding that a computer printout of juvenile's school attendance was admissible); see also Simmons v. State, 175 Ind.App. 333, 371 N.E.2d 1316 (1978) (holding same before adoption of rules of evidence). As such, Arvin was a proper person to authenticate the documents. We find no error in this issue.

2. Regular Practice to Make Data Compilation
J.L. also asserts that Arvin's affidavit is deficient because it does not specifically state that the school regularly made attendance records, a foundational requirement under Rule 803(6). See Ground, 702 N.E.2d at 730-32 (holding that the failure to establish that certain bank records were regularly kept by the bank rendered them inadmissible under the Rule). At the denial hearing, J.L. objected to the introduction of Exhibit 1 on the ground that Arvin was not the person she claimed to be in her affidavit. J.L. later renewed that objection. As such, the trial court was alerted that J.L. was challenging whether Arvin was the proper sponsor of the attendance records, not whether the State had established that attendance records are regularly made.[3] Nevertheless, we consider the merits of J.L.'s argument.
As the State observes, every public school is required to keep "accurate daily" *965 attendance records. IND.CODE § 20.8.1-3-23. But that does not resolve the issue presented. Rule 803(6) requires the proponent of evidence to establish at the evidentiary hearing that the data compilation or record is regularly made. See Ground, 702 N.E.2d at 731. That can be accomplished by "testimony or affidavit." Evid. R. 803(6).
In this case, Arvin testified concerning the school district's compliance with the law. Specifically, teachers take attendance. They then convey their findings to the main office, where the data is input into a computer. Arvin accessed the data compilation to generate the attendance report. From this testimony, it can reasonably be inferred that it was the regular practice of the middle school to compile attendance data and to store that data electronically so that attendance records could be printed on demand. We find no error in the admission of J.L.'s school attendance records and the accompanying affidavit.
Affirmed.
BROOK, C.J., and NAJAM, J., concur.

ORDER
This Court having heretofore handed down its opinion in this cause on April 28, 2003, marked Memorandum decision, Not for Publication;
Comes now the Appellee, by counsel, and files herein Verified Motion for Publication of Memorandum Decision, alleging therein that said decision involves legal and factual issues of substantial public importance concerning the admissibility of school attendance records under the business records exception to the hearsay rule and prays this Court to order the publication of said opinion.
The Court having examined said Motion and being duly advised, now finds that the same should be granted.
IT IS THEREFORE ORDERED that upon the above-recited Motion, this Court's opinion heretofore handed down in this cause on April 28, 2003, marked Memorandum Decision, Not for publication is now ordered published.
NOTES
[1] IND.CODE § 20-8.1-3-17.
[2] The quoted information is derived from the J.L.'s Statement of the Case, which the State adopts.
[3] J.L. urges that his objection "was advanced in the form of [his] cross-examination of Ms. Arvin[.]" Appellant's Br. at 6 (citing Transcript pp. 9-18). However, an objection must be specific in order for the issue to be preserved for appellate review. Willis v. State, 510 N.E.2d 1354, 1357 (Ind.1987).