Lloyd HARRIS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0706–CV–332.

Court of Appeals of Indiana.

Dec. 31, 2007.

---

Jane H. Conley, Indianapolis, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Joseph Robert Delamater, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Lloyd B. Harris (Harris) appeals his conviction and sentence for Operating a Motor Vehicle After His Driving Privileges Had Been Suspended for Life. We reverse and remand.

### ISSUE

The following issue is dispositive: Whether the trial court committed reversible error in admitting evidence of prior acts in violation of Indiana Rules of Evidence Rule 404(b).[1]

### FACTS AND PROCEDURAL HISTORY

The posture of the case was established by a stipulation of the parties that Harris had been convicted of Operating a Motor Vehicle as a Habitual Traffic Offender on February 23, 1987, and that on that date his driving privileges were suspended for life.

During the trial, Harris denied having operated a motor vehicle on the day in question "because I know not to drive." (Tr. 62). Later, at a side-bar conference the State maintained that it should be permitted to introduce evidence of prior driving while suspended convictions because Harris "opened the door." (Tr. 74). The court ruled that the State could cross-examine by saying "you know not to drive, but you've driven before without a license, haven't you?" (Tr. 74). The court then permitted the deputy prosecutor to ask Harris concerning prior driving while suspended convictions in 1995 or 1996, and in 1998, 2001, 2002, and 2005.[2] Additionally, the State asked about a driving while intoxicated conviction in 1995. The trial court overruled an objection, but the question was never answered because the State altered the question to one concerning a driving while suspended conviction. The suggestion raised by the initial question, however, remained before the jury.

### DISCUSSION AND DECISION

In *Jones v. State*, 708 N.E.2d 37, 39 (Ind.Ct.App.1999), *trans. denied*, this court noted:

[W]hen a defendant goes beyond merely denying the charge and affirmatively presents a claim contrary to the charge.... The State may respond by offering evidence of prior offenses, but only to the extent that it is relevant to an issue of genuine dispute other than 'character,' and not in order to show defendant's propensity to act unlawfully.[3]

Judge Hoffman, in *Jones*, dissented on the grounds that the evidence in question

---

1. Because of our ruling on this issue, we need not address Harris's appeal of his sentence.

2. Harris denied any conviction in 1995 or 1996, saying that he had only been charged.

3. It may be said that the quoted portion of the majority opinion should not be construed so broadly as to ignore the provisions of Rule 404(b), which permit evidence of prior bad acts to show "motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *See Hicks v. State*, 690 N.E.2d 215 (Ind.1997) (proof of prior acts of violence against the victim established the relationship between the parties and tended to show motive). In the case before us, there is no suggestion that Harris's prior acts demonstrated the existence of any such exceptions to the general rule. Although the State might

tended to prove the very issue in dispute, i.e. whether Jones' license had been suspended. That is not the situation before us. Here the allusion to prior driving while suspended convictions and a driving while intoxicated conviction could only reasonably be considered as those offenses related to Harris's propensity to commit the very crime for which he was being tried.

The evidence clearly supports the conclusion that on December 8, 2006, Harris was in fact operating the motor vehicle. The stipulation of the parties established that Harris had previously been suspended for life. This evidence, absent any other procedural or substantive problems, would support the conviction.

However, we conclude that in light of the stipulation and the police officer's testimony, there was no reason for the State to attempt to dispel Harris's suggestion that he was not in fact driving the truck on December 8, 2006. Accordingly there was no reason for the State to throw its prejudicial evidentiary harpoon in placing before the jury the matter of Harris's many prior criminal convictions for the same type offense, i.e. driving while suspended. Even more disconcerting is the harpoon effect of the State's question to Harris as to whether it is correct that in December of 1995 he was convicted of operating a vehicle while intoxicated.[4]

We hold that the permitted questions by the State as to Harris's prior record were unmistakably prejudicial and far outweighed any probative value with respect to the genuine issue in dispute.

In *Dumes v. State*, 718 N.E.2d 1171 (Ind.Ct.App.1999), *supplemented on rehearing*, 723 N.E.2d 460 (Ind.Ct.App. 2000), the court reversed a conviction for operating a vehicle after driving privileges had been suspended for life under similar circumstances. There Dumes' driving record was found to be highly prejudicial because it was "unrelated to the crime with which he was charged." *Id.* at 1176. This is precisely the scenario presented in the case before us. We therefore reverse the conviction and remand for further proceedings.[5]

## CONCLUSION

The trial court erred in admitting evidence of prior acts in violation of Evid.R. 404(b).

Reversed and remanded for further proceedings.

BAKER, C.J., and MATHIAS, J., concur.

**N.W.W., Appellant–Respondent,**

v.

---

plausibly argue that his prior driving offenses reflected upon Harris's credibility, "credibility" is not one of the enumerated exceptions under Evid.R. 404(b).

**4.** Before Harris answered that question, the State changed its entire tenor. Nevertheless, the trial court overruled Harris's objection to

the question and its highly and prejudicially suggestive message was clearly before the jury for its consideration.

**5.** Because reversal does not invalidate the conviction on the basis that the evidence is insufficient, we conclude there is no double jeopardy impediment to a retrial.